IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

EXXON MOBIL CORPORATION,   )
                           )
        *Plaintiff,*            )
                           )
v.                         )   No. 4:16-cv-00469-K
                           )
MAURA TRACY HEALEY,        )
Attorney General of Massachusetts,  )
in her official capacity,  )
                           )
        *Defendant.*            )

---

**BRIEF OF *AMICUS* BHARANI PADMANABHAN MD PhD,
A PLAINTIFF IN MASSACHUSETTS,
IN SUPPORT OF
PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION IN TEXAS**

---

**Bharani Padmanabhan MD PhD**
30 Gardner Road #6A
Brookline MA 02445
Tel. + Fax 617 5666047
scleroplex@gmail.com

## Interest of *Amicus Curiae* and Background

Plaintiff in this action challenges the Civil Investigative Demand (CID) issued by Defendant Massachusetts Attorney General Maura Tracey Healey. Defendant AG Healey's CID claims she is investigating violations of the Massachusetts Consumer Protection statute, Mass. General Laws Chapter 93A (MGL ch. 93A). Plaintiff has submitted numerous documents with it's petition for an injunction to support it's view that this alleged reliance on MGL ch. 93A is entirely pretextual.

*Amicus* Dr. Bharani is a neurologist who lives and works in Massachusetts and has done so for 20 years. In 2011 the state medical board commenced an action against him in retaliation for proving Medicare/Medicaid fraud at the public Cambridge Hospital operated by the City of Cambridge, MA. On behalf of Cambridge the state Office of Medicaid also threatened him with an audit unless he meekly left the state. *Amicus* Dr. Bharani did not and filed a written complaint with the Attorney General and the FBI instead. The state audit vanished. The medical board persisted and *Amicus* Dr. Bharani informed a magistrate that though they were in a hearing in 2015, every document put forth by the state board dated from 2010 as the board had not conducted an independent investigation and every record had been poisoned by the City of Cambridge.

Very soon after this revelation, Defendant AG Healey sent two investigators from her Medicaid Fraud Control Unit to deliver a CID to *Amicus* Dr. Bharani and immediately take possession of the complete page-by-page medical records, paper

1

and electronic, for 16 neurological patients. The specific reason claimed by Defendant AG Healey in her CID was that she was investigating him for Medicaid fraud and so had jurisdiction over his patient files.

*Amicus* Dr. Bharani refused to comply as that would be a massive violation of Federal law, the patients' privacy rights and a specific ruling of the Massachusetts Supreme Judicial Court. *Commonwealth v. Kobrin*, 395 Mass. 284 (1985).

Five months then went by during which Defendant AG Healey did nothing. *Amicus* Dr. Bharani was not and is not a Medicaid provider and had not billed the government at all for those 16 patients. He had treated them entirely for free.

*Amicus* Dr. Bharani then filed a complaint in the U. S. District Court for Massachusetts against Defendant AG Healey for violation of 18 U.S.C. § 1030 (CFAA) as that list of 16 patients had been procured by violating the privacy protections guaranteed by a state regulation, 105 CMR 700.012, for the confidential medical computer database that Defendant AG Healey had unlawfully accessed to get those names. The privacy regulation is explicit that claiming an investigation of Medicaid fraud is NOT a legitimate reason to access the medical database from which the patient names were procured. All the pleadings are available on PACER. Case # 15-CV-13297-NMG

In her response to the court Defendant AG Healey then was forced to DENY that she was investigating *Amicus* Dr. Bharani for Medicaid fraud and that she therefore did not violate 18 U.S.C. § 1030 (CFAA).

This naturally then begged the question of jurisdiction as Defendant AG

2

Healey did not have any right to those patient files at all if she was not investigating <u>Medicaid fraud</u> as *Amicus* Dr. Bharani had not billed Medicaid.

U.S. District Judge Nathaniel Gorton repeatedly threatened *Amicus* Dr. Bharani with severe sanctions for filing a complaint stating progressive activist Defendant AG Healey had violated the CFAA in addition to the severe torts and conscious abuse of office including the fraudulent pretext of investigating <u>Medicaid fraud</u> in order to coercively procure medical records that had not been poisoned by the progressive City of Cambridge.

Judge Nathaniel Gorton then dismissed *Amicus* Dr. Bharani's complaint on the papers based exclusively on Defendant AG Healey's consciously false statements of law and his own breathtakingly false assertions on her behalf.

*Amicus* Dr. Bharani appealed to the U.S. First Circuit which promptly granted Defendant AG Healey 135 days to file a reply brief. First Circuit Case # 16-1159. Defendant AG Healey never filed a reply brief at the end of those 135 days but instead filed a motion for summary affirmance accompanied by a motion to stay the briefing schedule indefinitely. *Amicus* Dr. Bharani's appeal is thus now indefinitely stayed even though summary affirmance is supposed to speed things along. *Amicus* Dr. Bharani filed a motion to vacate the indefinite stay as this defied the rulings of the U. S. Supreme Court. This resulted in *Amicus* Dr. Bharani being severely shouted at by Judge Ojetta Rogeriee Thompson and an order to the clerk to reject any future motions to vacate the indefinite stay.

The use of a consciously fraudulent pretext to claim jurisdiction in the total

absence of any legitimate standing is common to Defendant AG Healey's action in the case of *Amicus* Dr. Bharani as well as the case of Plaintiff. This is an established pattern of conduct that is the result of untrammelled executive power left unchecked by the judicial branch in Massachusetts.

## ARGUMENT

### 1 Defendant AG Maura Healey has a history of pretextual CIDs

In the case of Plaintiff, Defendant AG Healey can pretend that her action is about saving the planet and morally necessary given an existential crisis. She is supported in this by a host of progressive journalists and advocacy groups who publish outraged columns solely on climate change and not on the abuse of power through consciously pretextual CIDs.

However Defendant AG Healey's pretextual action in the case of *Amicus* Dr. Bharani can NOT be explained away by a grander moral purpose. The purpose there was corrupt, cheap, small and plainly thuggish. After *Amicus* Dr. Bharani responded with an on point Federal lawsuit, Defendant AG Healey <u>repudiated</u> her own claimed pretext of investigating <u>Medicaid fraud</u> and depended on political loyalties instead to save her from the law.

This Court must not be misled by Defendant AG Healey's statements about saving the planet for our children as justification for conscious abuse of her powers and violating the law. Pretext is standard procedure for Defendant AG Healey and not a momentary lapse of judgment wrought by fears for our continued existence and a case of good intentions. Pretextual abuse of power is routine for Defendant

4

AG Healey regardless of the case. Bad faith is standard procedure.

When questioned in open court in Texas during oral argument, Defendant AG Healey would be hard-pressed to identify a grand justification or higher moral purpose for the pretextual abuse of power in the case of *Amicus* Dr. Bharani.

## 2 Granting an injunction is vital for the rule of law and to prevent a return to General Warrants

Defendant AG Healey has certain defined jurisdictions that her pretexts are required to conform to, such as Medicaid fraud or consumer fraud. It naturally follows that no matter what the real reason for her action is, she will perforce claim as pretext one of the defined jurisdictions. In order to end this pattern of misconduct it is imperative that Defendant AG Healey's pretextual excuses be publicly identified and blocked whenever it is evident that the claimed jurisdiction is not in comport with the law or proportional to her ulterior desired goal.

In the case of *Amicus* Dr. Bharani, Defendant AG Healey was forced to abandon the pretextual claim of a Medicaid fraud investigation as it exposed her to a credible complaint of a CFAA violation. But for *Amicus* Dr. Bharani suing her in Federal court under the CFAA there would have been no incentive for Defendant AG Healey to abandon the false pretense of a Medicaid fraud investigation to provide cover for an unlawful grab of confidential medical records for an entirely different purpose. But for that CFAA lawsuit, Defendant AG Healey would have continued to claim her action was a legitimate exercise of states' rights.

Similarly, in the case of Plaintiff, only when an injunction is granted in Texas

5

quashing the pretextual CID will there be any incentive for Defendant AG Healey to abandon the pretense of a ch. 93A consumer fraud investigation to provide cover for her establishing her legal hold over the out-of-state oil industry.

It is vital for this Court to grant Plaintiff's petition for an injunction.

Justice, the rule of law and fidelity to the Founding Fathers' defined vision for this country demand that this Court in Texas finally puts an end to Defendant AG Healey's established practice of General Warrants.

## 3     Defendant AG Maura Healey's office has a history of politics determining investigations

At the present time Switzerland is criminally prosecuting the whistleblower who leaked data to German tax authorities about German tax dodgers who have hidden money away in Swiss banks.

https://www.theguardian.com/business/2016/sep/07/switzerland-prosecutes-ubs-banker-for-helping-germany-chase-tax-dodgers

The banking industry is a mainstay of the Swiss economy and power structure. The government there sees it's role as protecting the banking industry and serving it's needs.

The hospital industry is a mainstay of the Massachusetts economy and power structure. The government here sees it's role as protecting the hospital industry and serving it's needs.

This is why the Massachusetts Attorney General has never ever enforced the Mass. Healthcare Whistleblower Protection statute, MGL ch. 149 § 187, despite the

6

express will of the legislature that the AG *shall* enforce it on behalf of the people of this Commonwealth. Exhibit 1 documents this is an established fact.

There is no difference between the Swiss government prosecuting whistleblowers on behalf of the protected banking industry and the Massachusetts AG refusing to enforce statutory protections for whistleblowers thus allowing the protected hospital industry to retaliate against whistleblowers with impunity.

It beggars belief that Defendant AG Healey claims to care about the consumers of this Commonwealth when her Office has never ever prosecuted any Massachusetts hospital under MGL ch. 149 § 187, a law expressly designed to protect vulnerable consumers and the whistleblowers who care about them. Doctors are afraid to blow the whistle here because of the coordinated onslaught of state agencies on behalf of the protected hospital industry.

Texas has numerous cases where government actively protected healthcare whistleblowers and consumers and sent hospital officials to jail. The Winkler County Memorial Hospital case is on point. See http://lubbockonline.com/texas/2011-03-22/former-winkler-county-hospital-head-takes-plea-retaliation-case# In 2014 this Court itself permanently disbarred Scott Tidwell, the county attorney in that infamous case of coordinated retaliation, from practicing law in this Court.

In contrast, **Massachusetts has *NONE***. Zero cases.

It is impossible to give any credence to Defendant AG Healey's claim about the duty of her Office to investigate on behalf of consumers given that the same consumer does not count at all when the hospital industry is to be held accountable.

7

...

This is a glaring case of double standards.

Defendant AG Healey's court pleadings about her duty towards consumers must be viewed adversely by this Court as they are undeniably false, unacceptably incredible and merely a pretext to claim jurisdiction over an out-of-state oil industry, an industry that is not a mainstay of the Massachusetts economy and does not therefore fall within the AG's "protected" class.

### 4    *Amicus* Dr. Bharani's case documents that Plaintiff ExxonMobil is dependent entirely on Texas courts for justice

*Amicus* Dr. Bharani submits this brief in this case in Texas to inform this honorable Court that the case of *Amicus* Dr. Bharani demonstrates it is highly unlikely that Plaintiff will receive even-handed treatment and justice in any court in Massachusetts given that progressive activist Maura Healey is the defendant. It is thus imperative for justice and the rule of law that this case be heard and adjudicated in Texas itself without any compromise.

This is corroborated by the editorial published in Boston's newspaper of record, *The Boston Globe*, which declared unequivocally that Maura Healey was completely correct in demanding 40 years of documents from Plaintiff and deliberately concealed from it's readers the fact that the injunction case is about the CID claiming to be about violations of MGL ch. 93A. 'Congressional bullying on behalf of Big Oil,' *Boston Globe*, September 12, 2016.

Given the solid evidence and case law marshalled by Plaintiff in it's pleadings to Suffolk Superior Court in Massachusetts, it is highly likely that the court would

8

fail to rule and silently wait the Plaintiff out, leaving it unprotected and at the mercy of Defendant AG Healey.

Progressive Massachusetts Senator Elizabeth Warren clearly declared the involvement of the entire state in protecting Defendant AG Healey:

**"You picked a fight with the wrong state & the wrong AG."**

See https://twitter.com/SenWarren/status/755794035248275456

In Massachusetts, Progressives are an acknowledged political force and the term progressive frequently graces news headlines. One recent example:

> "Before 2018, Progressives Hope To Push Legislature And Baker On Taxes, Justice Reform And More", September 14, 2016, *WGBH News*.

The chance of Plaintiff being treated fairly in a Massachusetts court is vanishingly small given the close interconnections and political loyalties pervading every level of this small state as well as an entrenched history of exceptionalism and routine defiance of the United States Supreme Court, rules of civil procedure and the rule of law. See *Caetano v. Massachusetts*, 577 U.S. ___ (2016), *Padmanabhan v. Ctrs. for Medicare*, SJ-2016-306 (Mass. SJC) and Exhibit 2.

CONCLUSION

*Amicus* Dr. Bharani submits this brief for the sole purpose of informing this Court about Defendant AG Healey's ready abuse of her powers and previous use of CIDs based entirely on consciously fraudulent pretext.

*Amicus* Dr. Bharani also wishes to inform this Court that Plaintiff is dependent on a Texas court to obtain justice and prevent intentional severe

9

irreparable harms that the Founding Fathers explicitly condemned and deemed would never be allowed to be visited upon the people in their United States of America.

*Amicus* Dr. Bharani respectfully avers that this Court must grant Plaintiff's petition for injunctive relief.

Respectfully submitted,

21 September 2016

*signature*

**Bharani Padmanabhan MD PhD**
*amicus curiae*
30 Gardner Road, #6A
Brookline MA 02445
617 5666047  scleroplex@gmail.com

### Certificate of Service

*Amicus* Dr. Bharani certifies that he has served a copy of this brief upon counsel for both Plaintiff and Defendant via email and/or First Class mail.

Respectfully submitted,

21 September 2016

*signature*

**Bharani Padmanabhan MD PhD**
*amicus curiae*
30 Gardner Road, #6A
Brookline MA 02445
617 5666047  scleroplex@gmail.com



IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| EXXON MOBIL CORPORATION, | ) |
| | ) |
| *Plaintiff,* | ) |
| | ) |
| v. | ) No. 4:16-cv-00469-K |
| | ) |
| MAURA TRACY HEALEY, | ) |
| Attorney General of Massachusetts, | ) |
| in her official capacity, | ) |
| | ) |
| *Defendant.* | ) |

## BRIEF OF *AMICUS* BHARANI PADMANABHAN MD PhD

### EXHIBIT 1



<br />

# THE COMMONWEALTH OF MASSACHUSETTS
## OFFICE OF THE ATTORNEY GENERAL
ONE ASHBURTON PLACE
BOSTON, MASSACHUSETTS 02108

(617) 727-2200
(617) 727-4765 TTY
www.mass.gov/ago

MARTHA COAKLEY
ATTORNEY GENERAL

March 31, 2014

Bharani Padmanabhan, M.D., Ph.D.
Scleroplex Inc.
30 Gardner Road, Suite 6A
Brookline, MA 02445

Re: **Your Public Records Request**

Dear Dr. Padmanabhan:

This letter is in further response to your public records request made pursuant to the Massachusetts Public Records Law, G.L. c. 66, § 10. In a letter dated December 9, 2013 and received by this Office on December 12, 2013, you requested copies of records held by the Office of the Attorney General (AGO), specifically "the total number of prosecutions pursued under MGL Chapter 149, Section 187 by [the AGO] in all the years [Martha Coakley has] been the Attorney General for Massachusetts . . . [including] the names of the cases as well."

Please be advised that the AGO has no records that are responsive to your request. It is important to note that a custodian's duty to comply with a request for records extends only to those records which exist and are in his or her custody. See G.L. c. 4, § 7 cl. 26. Consequently, there is no obligation to create a record in response to a public records request. See also G.L. c. 66, § 10(a); 32 Op. Atty. Gen. 157, 165 (May 18, 1977).

Very truly yours,

Lillian Hirales
Assistant Attorney General
Fair Labor Division
(617) 963-2169

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| EXXON MOBIL CORPORATION, | ) | |
| | ) | |
| *Plaintiff,* | ) | |
| | ) | |
| v. | ) | No. 4:16-cv-00469-K |
| | ) | |
| MAURA TRACY HEALEY, | ) | |
| Attorney General of Massachusetts, | ) | |
| in her official capacity, | ) | |
| | ) | |
| *Defendant.* | ) | |

**BRIEF OF *AMICUS* BHARANI PADMANABHAN MD PhD**

**EXHIBIT 2**

# MA no Different from Alabama in Defying Supreme Court

**Bharani Padmanabhan, MD, PhD**
MEDICAL CORRUPTION COLUMNIST

Molasses to rum to slaves
Who sail the ships back to Boston
Laden with gold, see it gleam
Whose fortunes are made
In the triangle trade
Hail slavery, the New England dream
Mr. Adams, I give you a toast
Hail Boston
Hail Charleston
Who stinketh the most?
"1776" - lyrics by Sherman Edwards



It has long been the practice here in allegedly 'progressive' 'enlightened' Massachusetts to look down upon other states, especially those in the south, a practice pointedly skewered by Sherman Edwards in the play "1776."

Last month progressives rejoiced in feeling smugly superior over the lower denizens of the State of Alabama.

This of course is not a new phenomenon. Good progressives have always felt smugly superior to Alabama. In fact, just yesterday, Boston Globe columnist Adrian Walker called Maine Governor Paul LePage New England's George Wallace. Wallace used to be the Governor of Alabama.

But the progressive smugness last month revolved around the Chief Justice of Alabama, Roy Moore, defying a clear decision by the United States Supreme Court.

This defiance of the United States Supreme Court became hot news on a national scale and the Southern Poverty Law Center promptly filed an ethics complaint against the Chief Justice and the Court promptly held a hearing and declared that the Chief Justice must face trial after which he is likely to be removed from office and perhaps disbarred from the practice of law.

And as the United States Supreme Court decision that the Chief Justice had defied was the one legalizing gay marriage across all 50 states, people stood outside carrying placards calling Justice Moore a hater.

As Alabama is definitely not Massachusetts, the general public can read all the court documents online at http://judicial.alabama.gov/judiciary/judiciary.cfm

Consider now the decision by Justice Geraldine Hines at the Massachusetts Supreme Judicial Court to openly defy the United States Supreme Court in exactly the same way as Alabama Chief Justice Moore.

Justice Hines chose to defy the United States Supreme Court even after I informed her that the United States Supreme Court had ruled very clearly on the exact matter before her and that it was settled law. The precedent was set in 2007 in a case called Osborn v. Haley in a decision written by Justice Ginsburg, the darling of progressives.

The progressive City of Cambridge on the other hand officially supported defying this clear ruling of the United States Supreme Court.

Will progressives from Massachusetts condemn Justice Hines now and mill outside the John Adams Courthouse carrying placards as they did in Alabama? Will they condemn the City of Cambridge for supporting defiance of the United States Supreme Court?

It is impossible to even envisage progressives doing that because it wasn't defiance of the United States Supreme Court that concerned them in Alabama, it was Justice Moore's lack of support for gay marriage. That to them was the higher principle, equal protection and the rule of law otherwise be damned.

And just yesterday, too, the New York Times published a half-page report on the extreme efforts taken by the Massachusetts Town of Dudley to block the establishment of a cemetery for Muslims.

The New York Times could not believe that the people of allegedly 'progressive' 'enlightened' Massachusetts would fight tooth and nail to violate others' constitutional rights. The NYT did not understand that for 'progressive' 'enlightened' Massachusetts, who is involved is more important than equal protection and the rule of law per se. Show us the person and we will show you the law.

It is factually undeniable that the lyrics from "1776" couldn't ring truer about the people of Massachusetts today.
Hail Boston
Hail Charleston
Who stinketh the most?

*Bharani Padmanabhan MD PhD is a Board Certified neurologist who specialises in multiple sclerosis in the Boston area. scleroplex@gmail.com*

# scleroplex inc.

Bharani Padmanabhan MD PhD
Multiple Sclerosis Neurologist
30 Gardner Rd. Suite 6A, Brookline MA 02445
+1 617 566 6047 phone + fax
8578911833 cellphone

21 September 2016

Dear Clerk,

   Greetings from Boston.

   Kindly find enclosed for filing with this court my motion for leave to file an amicus brief, a memorandum in support of said motion and the proposed amicus brief itself. I would be ever grateful if you could present them to presiding Judge Kinkeade before Monday's hearing.

   If local policy allows I would also be grateful for a photocopy of the amicus brief's filing stamp being mailed back to me.

   Thanking you and with regards,

Yours sincerely,

Bharani Padmanabhan MD PhD