IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| EXXON MOBIL CORPORATION, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 4:16-CV-469-K |
| | § | |
| MAURA TRACY HEALEY, Attorney General of Massachusetts in her official capacity, | § § § § | |
| Defendant. | | |

# ORDER

Plaintiff Exxon Mobil Corporation's Motion for a Preliminary Injunction (Doc. No. 8) and Defendant Attorney General Healey's Motion to Dismiss (Doc. No. 41) are under advisement with the Court. Plaintiff Exxon Mobil Corporation ("Exxon") moves to enjoin Defendant Attorney General Maura Tracy Healey of Massachusetts from enforcing the civil investigative demand ("CID") the Commonwealth of Massachusetts issued to Exxon on April 19, 2016. The Attorney General claims that the CID was issued to investigate whether Exxon committed consumer and securities fraud on the citizens of Massachusetts. Exxon contends that the Attorney General issued the CID in an attempt to satisfy a political agenda. Compliance with the CID would require Exxon to disclose documents dating back to January 1, 1976 that relate to what Exxon possibly knew about climate change and global warming.

1

Additionally, Defendant Attorney General Healey moves to dismiss Plaintiff Exxon's Complaint for (1) lack of personal jurisdiction under Federal Rule of Civil Procedure 12(b)(2), (2) lack of subject matter jurisdiction under Rule 12(b)(1) under *Younger v. Harris*, 401 U.S. 37 (1971), (3) lack of subject matter jurisdiction under Rule 12(b)(1) because the dispute is not yet ripe, and (4) improper venue under Rule 12(b)(3). Before reaching a decision on either Plaintiff Exxon's Motion for a Preliminary Injunction or Defendant Attorney General Healey's Motion to Dismiss, the Court **ORDERS** that jurisdictional discovery be conducted.

I.  **Applicable Law**

The Court has an obligation to examine its subject matter jurisdiction *sua sponte* at any time. *See FW/PBS, Inc. v. City of Dallas*, 493 U.S. 215, 230–31 (1990); *see also Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999) ("[S]ubject-matter delineations must be policed by the courts on their own initiative even at the highest level."). A district court has broad discretion in all discovery matters, including whether to permit jurisdictional discovery. *Wyatt v. Kaplan*, 686 F.2d 276, 283 (5th Cir. 1982). "When subject matter jurisdiction is challenged, a court has authority to resolve factual disputes, and may devise a method to . . . make a determination as to jurisdiction, 'which may include considering affidavits, allowing further discovery, hearing oral testimony, or conducting an evidentiary hearing.'" *Hunter v. Branch Banking and Trust Co.*, No. 3:12-cv-2437-D, 2012 WL 5845426, at *1 (N.D. Tex. Nov. 19, 2012) (quoting *Moran v. Kingdom of Saudi Arabia*, 27 F.3d 169, 172 (5th Cir.

1994)). If subject matter jurisdiction turns on a disputed fact, parties can conduct jurisdictional discovery so that they can present their arguments and evidence to the Court. *In re Eckstein Marine Serv. L.L.C.*, 672 F.3d 310, 319 (5th Cir. 2012).

**II.   The Reason for Jurisdictional Discovery**

One of the reasons Defendant Attorney General Healey moves to dismiss Plaintiff Exxon's Complaint is for lack of subject matter jurisdiction under Rule 12(b)(1).  Fed. R. Civ. P. 12(b)(1).  The Court particularly wants to conduct jurisdictional discovery to determine if Plaintiff Exxon's Complaint should be dismissed under Rule 12(b)(1) for lack of subject matter jurisdiction because of the application of *Younger* abstention. *See Younger*, 401 U.S. at 43–45; *Health Net, Inc. v. Wooley*, 534 F.3d 487, 494 (5th Cir. 2008) (stating that although *Younger* abstention originally applied only to criminal prosecution, it also applies when certain civil proceedings are pending if important state interests are involved in the proceeding).  The Supreme Court in *Younger* "espouse[d] a strong federal policy against federal court interference with pending state judicial proceedings." *Middlesex Cty. Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 431 (1982).

Jurisdictional discovery needs to be conducted to consider whether the current proceeding filed by Exxon in Massachusetts Superior Court challenging the CID warrants *Younger* abstention by this Court.  If Defendant Attorney General Healey issued the CID in bad faith, then her bad faith precludes *Younger* abstention. *See Bishop v. State Bar of Texas*, 736 F.2d 292, 294 (5th Cir. 1984).  Attorney General Healey's

actions leading up to the issuance of the CID causes the Court concern and presents the Court with the question of whether Attorney General Healey issued the CID with bias or prejudgment about what the investigation of Exxon would discover.

Prior to the issuance of the CID, Attorney General Healey and several other attorneys general participated in the AGs United for Clean Power Press Conference on March 29, 2016 in New York, New York. Notably, the morning before the AGs United for Clean Power Press Conference, Attorney General Healey and other attorneys general allegedly attended a closed door meeting. At the meeting, Attorney General Healey and the other attorneys general listened to presentations from a global warming activist and an environmental attorney that has a well-known global warming litigation practice. Both presenters allegedly discussed the importance of taking action in the fight against climate change and engaging in global warming litigation.

One of the presenters, Matthew Pawa of Pawa Law Group, P.C., has allegedly previously sued Exxon for being a cause of global warming. After the closed door meeting, Pawa emailed the New York Attorney General's office to ask how he should respond if asked by a Wall Street Journal reporter whether he attended the meeting with the attorneys general. The New York Attorney General's office responded by instructing Pawa "to not confirm that [he] attended or otherwise discuss" the meeting he had with the attorneys general the morning before the press conference.

During the hour long AGs United for Clean Power Press Conference, the attorneys general discussed ways to solve issues with legislation pertaining to climate

change. Attorney General Eric Schneiderman of New York and Attorney General Claude Walker of the United States Virgin Islands announced at the press conference that their offices were investigating Exxon for consumer and securities fraud relating to climate change as a way to solve the problem.

Defendant Attorney General Healey also spoke at the AGs United for Clean Power Press Conference. During Attorney General Healey's speech, she stated that "[f]ossil fuel companies that deceived investors and consumers about the dangers of climate change should be, must be, held accountable." Attorney General Healey then went on to state that, "[t]hat's why I, too, have joined in investigating the practices of ExxonMobil. We can all see today the troubling disconnect between what Exxon knew, what industry folks knew, and what the company and industry chose to share with investors and with the American public." The speech ended with Attorney General Healey reiterating the Commonwealth of Massachusetts's commitment to combating climate change and that the fight against climate change needs to be taken "[b]y quick, aggressive action, educating the public, holding accountable those who have needed to be held accountable for far too long." Subsequently, on April 19, 2016, Attorney General Healey issued the CID to Exxon to investigate whether Exxon committed consumer and securities fraud on the citizens of Massachusetts.

The Court finds the allegations about Attorney General Healey and the anticipatory nature of Attorney General Healey's remarks about the outcome of the Exxon investigation to be concerning to this Court. The foregoing allegations about

Attorney General Healey, if true, may constitute bad faith in issuing the CID which would preclude *Younger* abstention. Attorney General Healey's comments and actions before she issued the CID require the Court to request further information so that it can make a more thoughtful determination about whether this lawsuit should be dismissed for lack of jurisdiction.

### III.   Conclusion

Accordingly, the Court **ORDERS** that jurisdictional discovery by both parties be permitted to aid the Court in deciding whether this law suit should be dismissed on jurisdictional grounds.

**SO ORDERED.**

Signed October 13th, 2016.

_Ed Kinkeade_
ED KINKEADE
UNITED STATES DISTRICT JUDGE