IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| EXXON MOBIL CORPORATION, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:16-CV-469-K |
| | ) | |
| MAURA TRACY HEALEY, Attorney General of Massachusetts, in her official capacity, | ) ) ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |
| | ) | |

**DEFENDANT ATTORNEY GENERAL MAURA HEALEY'S OPPOSITION TO
PLAINTIFF'S MOTION TO EXPEDITE BRIEFING AND CONSIDERATION OF
PLAINTIFF'S MOTION FOR LEAVE TO AMEND**

Defendant Attorney General Healey opposes Plaintiff Exxon Mobil Corporation's ("Exxon") Motion to Expedite Briefing and Consideration of Its Motion for Leave to Amend ("Motion to Expedite," Doc. No. 77). Exxon offers no credible reason that would justify depriving Attorney General Healey of the twenty-one-day time period afforded for responding under Local Rule 7.1(e).

The reasons Exxon offers in support of its Motion to Expedite do not withstand scrutiny and, in fact, omit what appears to be Exxon's actual motivation—to shield itself from the reach of the New York Supreme Court, which, on October 18, 2016, issued to Exxon an order to appear on October 24, 2016, and show cause as to why that court should not issue an order requiring Exxon's auditor, PricewaterhouseCoopers LLP ("PWC"), and Exxon to comply with a subpoena issued by the New York Attorney General on August 19, 2016.[1] This Court should not

---

[1] Order to Show Cause, *In the Matter of the Application of the People of the State of New York*,

1

permit Exxon to use this proceeding, to the detriment of Attorney General Healey, to gain advantage in the New York proceeding.

First, before entertaining Exxon's Motion for Leave to File a First Amended Complaint (Doc. No. 74, "Motion to Amend"), this Court should grant Attorney General Healey's Motion to Dismiss (Doc. No. 41), because this Court lacks personal jurisdiction over her under settled Supreme Court and Fifth Circuit precedent, as discussed in Attorney General Healey's briefs in support of her Motion to Dismiss (Doc. No. 42), and Motion to Reconsider Jurisdictional Order (Doc. No. 79), at 3-7.

Second, Exxon could have included Attorney General Schneiderman as a defendant to this action months ago. Inasmuch as Exxon had been under subpoena from Attorney General Schneiderman for seven months and had known about the New York press conference for three months at the time of filing this suit in June 2016, Exxon could have sued both the New York Attorney General and Attorney General Healey together at the outset of this litigation. Instead, Exxon elected *not* to sue Attorney General Schneiderman and, indeed, produced 1.2 million pages of documents in response to his office's November 4, 2015, subpoena, including a production made as recently as last week.[2] Exxon sued Attorney General Healey in both this Court and in Massachusetts state court more than four months ago. Attorney General Healey timely responded to Exxon's suits in this Court and in Massachusetts and participated in a hearing and mediation in Texas, all without Attorney General Schneiderman in the case. Now, after more than four months have passed, Exxon asks the Court to deprive Attorney General Healey of the full time afforded by Local Rule 7.1(e) to respond to a motion that seeks to add

---

No. 451962/16 (N.Y. Sup. Ct., Oct. 18, 2016), Appendix Exhibit ("App. Exh.") 1.

[2] *See* Memorandum of Law of Respondent Exxon Mobil Corporation in Opposition to the Application for an Order to Show Cause, *In the Matter of the Application of the People of the State of New York*, No. 451962/16 (Oct. 17, 2016), App. Exh. 2, at 010.

Attorney General Schneiderman to the case—something Exxon could have done from the outset. Those facts do not evince a concern on Exxon's part for expeditious prosecution of its claims against Attorneys General Healey or Schneiderman—or for judicial economy.

Third, Exxon's Motion to Expedite self-servingly assumes that this Court will indeed grant its request to amend—a request Attorney General Healey expects to oppose vigorously. Exxon claims that expedited briefing is necessary because, if its Motion to Amend is successful and New York Attorney General Schneiderman is joined as a defendant, Exxon could simultaneously conduct jurisdictional discovery as to the offices of both Attorney General Schneiderman and Attorney General Healey.[3] *See* Motion to Expedite at 2-3. Pending before this Court are Attorney General Healey's motion to dismiss and motion for reconsideration of that very jurisdictional discovery order. Attorney General Healey has also requested that, if this Court does not dismiss Exxon's complaint for lack of personal jurisdiction over her, the case be transferred to the District of Massachusetts, where venue is proper, or that the Court stay its jurisdictional discovery order so that Attorney General Healey may seek immediate review in the United States Court of Appeals for the Fifth Circuit. It is therefore far from certain that jurisdictional discovery will proceed at all or, in any case, in the near term.

Nor does Exxon explain to the Court why expediting discovery is required. As Attorney General Healey's counsel explained at the hearing on Exxon's motion for a preliminary injunction, Exxon's separate petition in Massachusetts state court to set aside or modify her civil investigative demand ("CID") to Exxon means that Attorney General Healey will not be in a position to enforce the CID at least until the Massachusetts proceedings, including appeals, are

---

[3] Exxon also fails to account for the fact that it has no knowledge of the defenses, jurisdictional or otherwise, Attorney General Schneiderman might raise if ultimately added as a defendant in this matter.

complete. Thus, from the standpoint of the Massachusetts CID, there is no need for the discovery to commence before Attorney General Healey is afforded her rights under the Local Rules of this Court to respond to Exxon's motion to file an amended complaint.

Fourth, expedited briefing would put a considerable strain on Attorney General Healey's resources—not conserve them. Exxon filed a ten-page brief, accompanied by *five hundred and fifty-one pages* of exhibits, many of them new to the record. It is unreasonable to expect that Attorney General Healey, who received only a one-hour notice from Exxon of the proposed motion to amend before its filing, would have a full and fair opportunity to respond to such voluminous filings in an expedited timeframe.

Finally, it appears that the actual but unstated reason for Exxon's rush to add Attorney General Schneiderman to the case and initiate discovery in connection with the subpoenas issued by his office is to avoid the jurisdiction of the New York Supreme Court. *See In the Matter of the Application of the People of the State of New York*, No. 451962/16 (N.Y. Sup. Ct.). On Friday, October 14, 2016, in conjunction with his investigation of Exxon, Attorney General Schneiderman filed with the New York Supreme Court an application, brought by order to show cause, to compel compliance with a subpoena he issued on August 19, 2016, to Exxon's auditor, PWC. Affirmation of Katherine C. Milgram, App. Exh. 3, at 019, ¶ 2. On Monday, October 17, Exxon filed its Motion to Amend in this Court. Later that same day, Exxon filed its opposition to the application in the New York proceeding—which made no mention of the fact that Exxon had just filed its Motion to Amend with this Court, seeking to enjoin the New York investigation. App. Exh. 2; Supplemental Affirmation of Katherine C. Milgram, App. Exh. 4, at 031, ¶ 17. The next day, on October 18, the New York Supreme Court issued a show cause order to PWC and Exxon, and set an October 24 hearing date. App. Exh. 1. Nowhere in its papers does Exxon

disclose these facts to this Court.[4]

Whatever Exxon's motivation, deviations from the requirements and timelines set by the Local Rules of this Court must be supported by sound and good faith reasons, particularly when those deviations would diminish an opponent's rights. Local Rule 83.1 (requiring any deviations from local rules to be "just"); *see, e.g.*, *Cardoza v. Bloomin' Brands, Inc.*, 141 F. Supp. 3d 1137, 1142 (D. Nev. 2015) ("Given the importance of protecting a well-functioning adversarial system, courts do not deviate from the default rules for properly briefing and resolving motions without very good reason for doing so."). Here, Exxon has cited no credible facts and, indeed, no legal authority, to support its motion to expedite the briefing time provided to Attorney General Healey under the Local Rules. Instead, it appears evident that Exxon's desire for expedited briefing is more likely an effort to use this proceeding to avoid the jurisdiction of the New York Supreme Court or otherwise advantage Exxon's position in that proceeding. Exxon should not be permitted to disadvantage Attorney General Healey in this proceeding in order to gain tactical advantage elsewhere. Attorney General Healey respectfully requests that the Court deny Exxon's Motion to Expedite and allow her to respond by November 7, 2016, pursuant to Local Rule 7.1(e).

---

[4] Similarly, as noted in Attorney General Healey's Memorandum of Law in Support of Attorney General Healey's Motion to Reconsider Jurisdictional Discovery Order, at 2, Exxon failed to advise this Court of its ongoing cooperation with an SEC investigation into Exxon's valuation of its assets in light of increasing climate change regulations—despite the relevance of such an investigation, and Exxon's cooperation with it, to Attorney General Healey's good faith basis for bringing her own investigation and questions posed by the Court to Exxon at the preliminary injunction hearing.

Respectfully submitted,


MAURA HEALEY
ATTORNEY GENERAL OF
MASSACHUSETTS

By her attorneys:



_s/ Douglas A. Cawley_

| | |
|---|---|
| Richard Johnston (*pro hac vice*) | Douglas A. Cawley |
| Chief Legal Counsel | Lead Attorney |
| richard.johnston@state.ma.us | Texas State Bar No. 04035500 |
| Melissa A. Hoffer (*pro hac vice*) | dcawley@mckoolsmith.com |
| Chief, Energy and Environment Bureau | Richard A. Kamprath |
| melissa.hoffer@state.ma.us | Texas State Bar No. 24078767 |
| Christophe G. Courchesne (*pro hac vice*) | rkamprath@mckoolsmith.com |
| Chief, Environmental Protection Division | MCKOOL SMITH, P.C. |
| christophe.courchesne@state.ma.us | 300 Crescent Court, Suite 1500 |
| I. Andrew Goldberg (*pro hac vice*) | Dallas, Texas 75201 |
| andy.goldberg@state.ma.us | (214) 978-4000 |
| Peter C. Mulcahy (*pro hac vice*) | Fax (214) 978-4044 |
| peter.mulcahy@state.ma.us | |
| Assistant Attorneys General | |
| OFFICE OF THE ATTORNEY GENERAL | |
| One Ashburton Place, 18th Floor | |
| Boston, MA 02108 | |
| (617) 727-2200 | |

Dated: October 21, 2016

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on October 21, 2016, all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system. Any other counsel of record will be served in accordance with the Federal Rules of Civil Procedure.

_s/ Douglas A. Cawley_
Douglas A. Cawley