IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| EXXON MOBIL CORPORATION, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | No. 4:16-CV-469-K |
| | § | |
| MAURA TRACY HEALEY, Attorney | § | |
| General of Massachusetts, in her | § | |
| official capacity, | § | |
| | § | |
| Defendant. | § | |
| | § | |


## EXXON MOBIL CORPORATION'S OPPOSITION TO DEFENDANT'S MOTION FOR RECONSIDERATION

Patrick J. Conlon (*pro hac vice*)
Daniel E. Bolia
EXXON MOBIL CORPORATION
1301 Fannin Street
Houston, TX 77002
(832) 624-6336

Theodore V. Wells, Jr. (*pro hac vice*)
Michele Hirshman (*pro hac vice*)
Daniel J. Toal (*pro hac vice*)
Justin Anderson (*pro hac vice*)
PAUL, WEISS, RIFKIND,
WHARTON & GARRISON LLP
1285 Avenue of the Americas
New York, NY 10019-6064
Tel: (212) 373-3000
Fax: (212) 757-3990

Ralph H. Duggins
Philip A. Vickers
Alix D. Allison
CANTEY HANGER LLP
600 West 6th Street, Suite 300
Fort Worth, TX 76102
Tel: (817) 877-2800
Fax: (817) 877-2807

Nina Cortell
HAYNES & BOONE, LLP
2323 Victory Avenue
Suite 700
Dallas, TX 75219
Tel: (214) 651-5579
Fax: (214) 200-0411

*Counsel for Exxon Mobil Corporation*

# TABLE OF CONTENTS

Page

TABLE OF AUTHORITIES .................................................................................................. ii

PRELIMINARY STATEMENT ........................................................................................... 1

STATEMENT OF FACTS .................................................................................................... 2

ARGUMENT ........................................................................................................................ 3

I.     The Attorney General Has Failed to Carry Her Burden of Identifying New Facts or Law that Would Justify Reconsideration. ........................................................................ 3

II.    The Court Has Broad Discretion to Ensure the Proper Exercise of Its Jurisdiction. .......... 5

III.   Personal Jurisdiction, which Need Not Be Addressed Prior to Abstention, Is Not Lacking and Would Also Require Fact Finding. .............................................................. 7

      A.    The Personal Jurisdiction Inquiry Is Not Straightforward and Requires Further Factual Development. .............................................................................. 8

      B.    There Is No Conflict with Massachusetts Law to Be Avoided. ........................... 10

      C.    The Court Does Not Lack Authority to Examine Its Own Jurisdiction. .............. 11

IV.   The Attorney General's Desire Not to Participate in or Cooperate with Court-Ordered Discovery Does Not Supply a Basis for Reconsideration. ................................ 13

      A.    The Court Need Not Accept the Attorney General's Definition of an Adequate Record for Considering *Younger* Abstention. ..................................... 13

      B.    Discovery Is Merited by the Extraordinary Record. ............................................ 14

      C.    No Privilege or Protection Stands in the Way of the Discovery Ordered by the Court. ..................................................................................................... 14

V.    The Attorney General's Further Attempts to Re-Litigate the Motion to Dismiss Are Unavailing. ........................................................................................................... 16

CONCLUSION .................................................................................................................... 17

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*721 Bourbon, Inc.* v. *House of Auth, LLC*,
 140 F. Supp. 3d 586 (E.D. La. 2015) .......................................................................12

*Atwood Hatcheries* v. *Heisdorf & Nelson Farms*,
 357 F.2d 847 (5th Cir. 1966) ..................................................................................9

*Bear Stearns Cos.* v. *Lavalle*,
 No. 3:00 Civ. 1900-D, 2001 WL 406217 (N.D. Tex. Apr. 18, 2001) ......................9

*U.S. ex rel. Becker* v. *Tools & Metals, Inc.*,
 No. 3:05-2301-L, 2011 WL 856928 (N.D. Tex. Mar. 11, 2011) ...........................15

*Box* v. *Dallas Mexican Consulate Gen.*,
 487 F. App'x 880 (5th Cir. 2012) (per curiam) .......................................................5

*Carl Zeiss Stiftung* v. *V.E.B. Carl Zeiss, Jena*,
 40 F.R.D. 318 (D.D.C 1966) ..................................................................................15

*Chemguard Inc.* v. *Dynax Corp.*,
 No. 4:08-CV-057-Y, 2010 WL 363481 (N.D. Tex. Feb. 2, 2010) .........................12

*Cobb* v. *Supreme Judicial Court of Mass.*,
 334 F. Supp. 2d 50 (D. Mass. 2004) ........................................................................6

*David* v. *Signal Int'l, LLC*,
 37 F. Supp. 3d 836 (E.D. La. 2014) ........................................................................13

*Exxon Corp.* v. *Department of Energy*,
 91 F.R.D. 26 (N.D. Tex. 1981) ...............................................................................15

*In re FDIC*,
 58 F.3d 1055 (5th Cir. 1995) ..................................................................................16

*Fund for La.'s Future* v. *La. Bd. of Ethics*,
 No. 14-0368, 2014 WL 1514234 (E.D. La. Apr. 16, 2014)....................................16

*Google* v. *Hood*,
 822 F.3d 212 (5th Cir. 2016) ..................................................................................16

*Kern* v. *Clark*,
 331 F.3d 9 (2d Cir. 2003)...........................................................................................6

# TABLE OF AUTHORITIES
## (Continued)

Page(s)

*Kuwait Pearls Catering Co.* v. *Kellogg, Brown & Root Servs.*,
 Civ. A. H-15-0754, 2016 WL 1259518 (S.D. Tex. Mar. 31, 2016) .................................5, 12

*In re LeBlanc*,
 559 F. App'x 389 (5th Cir. 2014) ...........................................................................................12

*Lewis* v. *Fresne*,
 252 F.3d 352 (5th Cir. 2001) ...................................................................................................9

*Major League Baseball* v. *Crist*,
 331 F.3d 1177 (11th Cir. 2003) .............................................................................................11

*McAllister* v. *FDIC*,
 87 F.3d 762 (5th Cir. 1996) ......................................................................................................5

*In re MPF Holdings US LLC*,
 701 F.3d 449 (5th Cir. 2012) ....................................................................................................5

*Next Techs., Inc.* v. *ThermoGenisis, LLC*,
 121 F. Supp. 3d 671 (W.D. Tex. 2015)...................................................................................10

*Pension Benefit Guar. Corp.* v. *LTV Steel Corp.*,
 119 F.R.D. 339 (S.D.N.Y. 1988) ...........................................................................................16

*Ruston Gas Turbines Inc.* v. *Donaldson Co.*,
 9 F.3d 415 (5th Cir. 1993) ........................................................................................................9

*Securities & Exchange Commission* v. *Arcturus*,
 No. 3:13-CV-4861-K, 2016 WL 3654430 (N.D. Tex. July 8, 2016).......................................3

*Seiferth* v. *Helicopteros Atuneros, Inc.*,
 472 F.3d 266 (5th Cir. 2006) .............................................................................................5, 12

*Sica* v. *Connecticut*,
 331 F. Supp. 2d 82 (D. Conn. 2004)........................................................................................6

*Singer Sewing Mach. Co.* v. *NLRB*,
 329 F.2d 200 (4th Cir. 1964) .................................................................................................15

*Sinochem Int'l Co. Ltd.* v. *Malaysia Int'l Shipping Corp.*,
 549 U.S. 422 (2007)..................................................................................................................7

*Spir Star AG* v. *Kimich*,
 310 S.W.3d 868 (Tex. 2010).....................................................................................................9

# TABLE OF AUTHORITIES
## (Continued)

Page(s)

*Stewart* v. *Dameron*,
448 F.2d 396 (5th Cir. 1971) ................................................................7

*Stroman Realty, Inc.* v. *Wercinski*,
513 F.3d 476 (5th Cir. 2008) ................................................................8

*Tex. Ass'n of Bus.* v. *Earle*,
388 F.3d 515 (5th Cir. 2004) ................................................................6

*Trower* v. *Maple*,
774 F.2d 673 (5th Cir. 1985) ................................................................6

*In re U.S. Dep't of Homeland Sec.*,
459 F.3d 565 (5th Cir. 2006) ..............................................................15

*Valtech Solutions Inc.* v. *Davenport*,
No. 3:15-CV-3361-D, 2016 WL 2958927 (N.D. Tex. May 23, 2016) ...................10

*Walk Haydel & Assocs., Inc.* v. *Coastal Power Prod. Co.*,
517 F.3d 235 (5th Cir. 2008) ..............................................................10

*Washington* v. *Los Angeles County Sheriff's Department*,
833 F.3d 1048 (9th Cir. 2016) ..............................................................7

*Wellogix, Inc.* v. *SAP America, Inc.*,
648 F. App'x 398 (5th Cir. 2016) .........................................................7

*Wien Air Alaska, Inc.* v. *Brandt*,
195 F.3d 208 (5th Cir. 1999) ................................................................9

*Wightman-Cervantes* v. *Texas*,
No. 3:03-CV-3025-D, 2005 WL 770598 (N.D. Tex. Apr. 6, 2005) ....................6

*Wilson* v. *Emond*,
No. 3:08-CV-1399, 2009 WL 1491511 (D. Conn. May 28, 2009) .....................6

*Wilson* v. *Thompson*,
593 F.2d 1375 (5th Cir. 1979) ................................................................6

*Ex Parte Young*,
209 U.S. 123 (1908) ..............................................................................8

*Younger* v. *Harris*,
401 U.S. 37 (1971) ................................................................................2

## **TABLE OF AUTHORITIES**
### **(Continued)**

**Page(s)**

**Statutes**

28 U.S.C.§ 1404(a) ........................................................................................................17

Mass. Gen. Laws c. 93A, § 6(1) ..............................................................................10, 11

**Other Authorities**

Fed. R. Civ. P. 26(b)(3)...............................................................................................15

U.S. Const. amend. I ..................................................................................................16

U.S. Const. amend. IV ...............................................................................................11

U.S. Const. amend. XIV .............................................................................................11

Exxon Mobil Corporation ("ExxonMobil") respectfully submits this brief in opposition to Defendant Maura Tracy Healey's motion to reconsider the Court's October 13, 2016 Order (Dkt. 73) that directed the parties to conduct discovery on the applicability of *Younger* abstention (the "Discovery Order"), a doctrine invoked by the Attorney General in support of her pending motion to dismiss.

## PRELIMINARY STATEMENT

Having asked this Court to abstain under *Younger*, Attorney General Healey cannot now be heard to complain about discovery to evaluate whether bad faith precludes application of that doctrine. Nor can she present her groundless complaints in a motion for reconsideration, which serves the narrow purpose of correcting manifest errors of law and alerting the Court to new facts or law that could not have been presented earlier. Attorney General Healey does not even acknowledge that standard for obtaining reconsideration, much less attempt to meet it. Instead, she reminds the Court—once again—of her power under state law to conduct investigations and of her belief that no Texas court has personal jurisdiction over her. Those arguments are of course known to this Court, having been presented by the Attorney General in prior briefing and during extensive oral argument. Rehashing previously made arguments is an abuse of a motion for reconsideration. And this abusive repetition does not cause her arguments to be any more persuasive now than when they were originally presented.

Rather than identify any clear legal error or raise new facts or law, the Attorney General suggests that the Discovery Order was an improper exercise of this Court's broad discretion to order discovery on threshold jurisdictional questions. The argument is baseless. It is both right and proper for federal courts to verify subject matter jurisdiction before proceeding to the merits of a case, and the Attorney General identifies no authority—binding or persuasive—that holds

1

otherwise.  Far from being an abuse of the Court's broad discretion in this area, the Discovery

Order is entirely appropriate and justified under the circumstances to address whether bad faith

precludes *Younger* abstention.  While the Attorney General might prefer that this Court consider

personal jurisdiction prior to subject matter jurisdiction, there is no legal requirement that it do

so.  Even if there were such a rule, personal jurisdiction would either be found simply on the

current record or would require discovery at least as broad as that contemplated by the Discovery

Order to develop the record on the Attorney General's intent to commit a constitutional tort in

Texas.  Having no basis in law or fact, the Attorney General's motion for reconsideration should

be denied.

### STATEMENT OF FACTS

On August 8, 2016, Attorney General Healey moved to dismiss ExxonMobil's complaint.

(Dkt. 41.)  The memorandum of law in support of that motion devoted five of its twenty pages

(25 percent) to arguing that this Court must abstain from hearing this case pursuant to *Younger* v.

*Harris*, 401 U.S. 37 (1971).  (Dkt. 42.)  On September 8, 2016, ExxonMobil opposed the

Attorney General's motion to dismiss, arguing, among other things, that *Younger* abstention was

unwarranted because the Attorney General's investigation of ExxonMobil was undertaken in bad

faith.  (Dkt. 60 at 18–20.)

On October 13, 2016, the Court entered the Discovery Order directing the parties to

develop an appropriate record on which to assess the Attorney General's request that this Court

abstain from hearing this case pursuant to *Younger*.  Further discovery was appropriate in light of

ExxonMobil's allegations of fact supporting the bad faith exception to *Younger* abstention,

including (i) the Attorney General's public statements suggesting bias and a predetermination of

ExxonMobil's guilt and (ii) her participation in a closed-door meeting with climate activists and

plaintiffs' lawyers that was intentionally concealed from the press and public.  (Discovery Order

4–6.)  To develop the factual record that would enable the Court to assess the applicability of the bad faith exception, the Court directed both parties to take discovery that would "aid the Court in deciding whether this law suit should be dismissed on jurisdictional grounds."  (*Id.* at 6.)  Pursuant to the Discovery Order, ExxonMobil has recently served discovery requests on Attorney General Healey.

## ARGUMENT

### I.     The Attorney General Has Failed to Carry Her Burden of Identifying New Facts or Law that Would Justify Reconsideration.

Attorney General Healey's motion for reconsideration does little more than remind the Court of her belief that personal jurisdiction is lacking and that her motives for investigating ExxonMobil should not be questioned.  Neither of those arguments is new; they were presented to this Court previously in written and oral argument.  Having already been submitted to this Court, these arguments cannot support a motion for reconsideration, which is not a vehicle for "rehashing old arguments or advancing theories of the case that could have been presented earlier."  *Securities & Exchange Commission* v. *Arcturus*, No. 3:13-CV-4861-K, 2016 WL 3654430, at *1 (N.D. Tex. July 8, 2016) (internal quotation marks and citation omitted).  A motion for reconsideration is properly used only for the "narrow purpose" of "allow[ing] a party to correct manifest errors of law or fact or to present newly discovered evidence."  *Id.* (internal quotation marks and citation omitted).  The Attorney General's brief does not even acknowledge that narrow purpose, much less attempt to comply with it.  That is reason enough to deny reconsideration.

A fair reading of the Attorney General's supporting brief indicates that her motion is not brought for a proper purpose.  First, Attorney General Healey does not maintain that the Court committed a manifest error of law or fact by (i) ordering discovery on her application for *Younger* abstention or (ii) evaluating subject matter jurisdiction prior to ruling on personal

jurisdiction.  Nowhere in her brief does the Attorney General claim that the Court lacks power to order discovery on a jurisdictional issue, nor is ExxonMobil aware of any such limitation.  And, as described in greater detail below, the Court's authority in this area is well-recognized as broad and discretionary.  Likewise, the Attorney General does not contend that this Court must rule on personal jurisdiction prior to examining subject matter jurisdiction.  Conceding that federal courts "[c]ustomarily" resolve subject matter jurisdiction prior to personal jurisdiction, the best Attorney General Healey can do is remind the Court that it "can" reach personal jurisdiction prior to subject matter jurisdiction if it wishes to do so.  (Mem. 4.[1])  But there is no legal obligation for the Court to exercise its discretion in the manner the Attorney General might prefer.

Second, the Attorney General's motion raises no new facts.  Instead, the motion reiterates the Attorney General's perspective on the factual record that was before this Court when the parties appeared for oral argument.  In her brief, Attorney General Healey excuses her biased comments at the March 29, 2016 press conference as a meaningless "brief statement" and dismisses the balance of the evidence as "a set of irrelevant allegations."  (Mem. 9.)  But she identifies no new facts that would bear on the appropriateness of discovery to probe whether the investigation of ExxonMobil was brought in bad faith.

That is the fundamental flaw in the Attorney General's motion for reconsideration:  It contains nothing new.  All of the arguments supporting the Attorney General's motion either were, or could have been, presented in her motion to dismiss the complaint.  With this motion, Attorney General Healey seeks only to re-litigate the precise arguments regarding personal jurisdiction, ripeness, and venue that were raised in her memoranda of law in support of her

---

[1]   "Mem." refers to the Attorney General's Memorandum of Law In Support of her Motion for Reconsideration (Dkt. 79).

motion to dismiss. A motion for reconsideration does not provide a vehicle for doing that, which, on its own, provides a fully sufficient basis to deny the motion.

## II.    The Court Has Broad Discretion to Ensure the Proper Exercise of Its Jurisdiction.

Courts should determine the propriety of subject matter jurisdiction "at the earliest possible stage in the proceedings." *In re MPF Holdings US LLC*, 701 F.3d 449, 457 (5th Cir. 2012). To ensure that this examination is not inappropriately limited, "[i]t is well settled that 'a district court has broader power to decide its own right to hear the case than it has when the merits of the case are reached.'" *Kuwait Pearls Catering Co.* v. *Kellogg, Brown & Root Servs.*, Civ. A. H-15-0754, 2016 WL 1259518, at *14 n.19 (S.D. Tex. Mar. 31, 2016) (quoting *Williamson* v. *Tucker*, 645 F.2d 404, 413 (5th Cir. 1981)). It is therefore recognized that "jurisdictional discovery may be warranted if the issue of subject matter jurisdiction turns on a disputed fact." *In re MPF Holdings*, 701 F.3d at 457 457 (citing *In re Eckstein Marine Serv. LLC*, 672 F.3d 310, 319–20 (5th Cir. 2012)). And when the court must resolve a factual dispute that is "decisive of a motion to dismiss for lack of jurisdiction, it must give plaintiffs an opportunity for discovery and a hearing that is appropriate to the nature of the motion to dismiss." *McAllister* v. *FDIC*, 87 F.3d 762, 766 (5th Cir. 1996); *see also Box* v. *Dallas Mexican Consulate Gen.*, 487 F. App'x 880, 884 (5th Cir. 2012) (per curiam) (dismissal for lack of subject matter jurisdiction vacated because plaintiff had not been afforded discovery). The Fifth Circuit has also made clear that district courts have "broad discretion in all discovery matters," including discovery addressing a defendant's assertion that jurisdiction is improper. *Seiferth* v. *Helicopteros Atuneros, Inc.*, 472 F.3d 266, 270 (5th Cir. 2006) (quoting *Wyatt* v. *Kaplan*, 686 F.2d 276, 283 (5th Cir. 1982)); *see also Box*, 487 F. App'x at 884 (observing that district courts have broad discretion with respect to discovery, including into the exercise of subject matter jurisdiction).

Courts recognize that the exceptions to the *Younger* doctrine present issues of fact that often cannot be resolved on pleadings and papers alone. *See, e.g.*, *Tex. Ass'n of Bus.* v. *Earle*, 388 F.3d 515, 517 (5th Cir. 2004) (district court held an evidentiary hearing before determining whether *Younger* applied). That is why when, as here, a complaint contains allegations that "would, if proven, be sufficient to merit federal intervention, the court has the discretion to allow discovery, and to take testimony at a hearing on a motion for a preliminary injunction and/or a motion to dismiss on *Younger* grounds." *Cobb* v. *Supreme Judicial Court of Mass.*, 334 F. Supp. 2d 50, 54 (D. Mass. 2004). In fact, numerous courts have held that discovery should be conducted when a bona fide factual dispute must be resolved prior to abstaining or declining to abstain under *Younger*. *See, e.g.*, *Kern* v. *Clark*, 331 F.3d 9, 12 (2d Cir. 2003) ("[T]he district court erred by concluding, without holding an evidentiary hearing" that no *Younger* exception applied.); *Sica* v. *Connecticut*, 331 F. Supp. 2d 82, 87 (D. Conn. 2004) ("[W]hen a plaintiff seeks to avail herself of the *Younger* exceptions, a district court ordinarily should hold an evidentiary hearing.").

Assembly of a full record through discovery is especially proper where, as here, a plaintiff invokes the bad faith exception to *Younger*, which presents an inherently factual question. *See, e.g.*, *Trower* v. *Maple*, 774 F.2d 673, 674 (5th Cir. 1985) (describing an earlier order in the litigation vacating grant of dismissal on *Younger* grounds and remanding for evidentiary hearing on bad faith); *Wilson* v. *Thompson*, 593 F.2d 1375 (5th Cir. 1979) (district court took evidence to determine applicability of bad faith exception). That is why courts have held that "[e]videntiary hearings are properly convened, if not in some instances required, in deciding whether to abstain" in cases where bad faith is alleged. *Wightman-Cervantes* v. *Texas*, No. 3:03-CV-3025-D, 2005 WL 770598, at *5 (N.D. Tex. Apr. 6, 2005); *see also Wilson* v. *Emond*, No. 3:08-CV-1399, 2009 WL 1491511, at *2 (D. Conn. May 28, 2009) ("If there is a

question of fact as to whether a defendant acted in bad faith, then an evidentiary hearing is required.").  Indeed, the Fifth Circuit has vacated district court decisions where no proper evidentiary hearing was conducted and remanded for "the appropriate evidentiary hearing required [by *Younger*], in which [the] plaintiff shall be allowed to introduce evidence regarding his allegations of bad faith prosecution and harassment."  *Stewart* v. *Dameron*, 448 F.2d 396, 397 (5th Cir. 1971).

In light of this authoritative precedent, the Attorney General has no valid basis to question this Court's power and desire to develop an adequate factual record before determining whether abstention under *Younger* is warranted.

### III.   Personal Jurisdiction, which Need Not Be Addressed Prior to Abstention, Is Not Lacking and Would Also Require Fact Finding.

The Attorney General's motion boils down to one essential proposition: She would prefer that this Court reach personal jurisdiction prior to ruling on *Younger* abstention.  But the Court is under no obligation to proceed in the manner that the Attorney General prefers.  As Attorney General Healey recognizes, there is "no unyielding jurisdictional hierarchy" requiring the Court to address personal jurisdiction before the jurisdictional inquiry raised by *Younger*, and "[c]ustomarily, a federal court first resolves doubts about its jurisdiction over subject matter" before turning to personal jurisdiction.  (Mem. 4 (quoting *Ruhrgas AG* v. *Marathon Oil*, 526 U.S. 574 (1999)));  *see also Washington* v. *Los Angeles County Sheriff's Department*, 833 F.3d 1048, 1060 (9th Cir. 2016) (stating that *Younger* "operates as a jurisdictional bar to § 1983 relief").  When considering threshold questions of jurisdiction and justiciability, it is the Court's discretion—not Attorney General Healey's preference—that controls.  *See Sinochem Int'l Co. Ltd.* v. *Malaysia Int'l Shipping Corp.*, 549 U.S. 422, 431 (2007) ("[A] federal court has leeway to choose among threshold grounds" when considering whether to dismiss a complaint.); *see also*

*Wellogix, Inc.* v. *SAP America, Inc.*, 648 F. App'x 398, 400 (5th Cir. 2016) (addressing prudential doctrine of *forum non conveniens* before jurisdictional question).

The Attorney General offers three reasons why, in her view, the Court should address her personal jurisdiction argument before turning to her request for *Younger* abstention: (i) personal jurisdiction is more easily ascertained; (ii) the question of bias presents a conflict between state and federal law, which should be avoided; and (iii) the Court lacks power to order discovery on bad faith if it lacks personal jurisdiction.  None of these arguments has merit.

### A.    The Personal Jurisdiction Inquiry Is Not Straightforward and Requires Further Factual Development.

Attorney General Healey submits that a ruling on personal jurisdiction provides an easier path—a "surer ground"—compared to *Younger* abstention for resolving her motion to dismiss. (Mem. 5.)  But the only thing "sure" about her personal jurisdiction argument is that it should be rejected, either on this evidentiary record or on a more fully developed one.

The Attorney General reiterates the argument, previously placed before this Court in her motion to dismiss, that the Fifth Circuit's decision in *Stroman Realty, Inc.* v. *Wercinski*, 513 F.3d 476 (5th Cir. 2008), "construed" the Texas long-arm statute not to apply to out-of-state officials like her.  (Mem. 4.)  That is wrong.  As an initial matter, the passage of *Stroman* on which the Attorney General so heavily relies is plainly dicta.  The Fifth Circuit observed that the particular circumstances of that case "relieve[d] the court of an obligation to pursue the[] interpretive question[]" of whether the long-arm statute applied to out-of-state officials.  513 F.3d at 483. Further, Judge Barksdale's concurrence in *Stroman* objected to "the opinion's extensive dicta, including parts about: whether the Texas long-arm statute applies . . . ."  *Id.* at 489.  But even this dicta is inaccurately characterized by the Attorney General.  The *Stroman* court did not, as the Attorney General suggests, "construe" the Texas long arm statute to omit out-of-state officials, but rather said only that "[w]hether the long-arm statute's definition of nonresidents ignores or

subsumes the *Ex Parte Young* fiction is uncertain." *Id.* at 483.  The Attorney General thus substantially oversells both the *Stroman* court's dicta about the Texas long-arm statute and the weight that such dicta should be given.

By contrast, both the Texas Supreme Court and the Fifth Circuit have construed the Texas long-arm statute and found that it "reaches as far as the federal constitutional requirements for due process will allow."  *Spir Star AG* v. *Kimich*, 310 S.W.3d 868, 872 (Tex. 2010) (internal quotation marks and citation omitted); *see also Atwood Hatcheries* v. *Heisdorf & Nelson Farms*, 357 F.2d 847, 852 (5th Cir. 1966) (stating that the purpose of the Texas long-arm statute is "to exploit to the maximum the fullest permissible reach under federal constitutional restraints." (internal quotation marks and citation omitted)).  As ExxonMobil demonstrated in its brief opposing the motion to dismiss, the due process clause permits personal jurisdiction over an out-of-state actor, like Attorney General Healey, who knowingly and intentionally reached into Texas with a specific intent to deprive a Texas domiciliary of its constitutional rights.  *See, e.g.*, *Wien Air Alaska, Inc.* v. *Brandt*, 195 F.3d 208, 213 (5th Cir. 1999); *Lewis* v. *Fresne*, 252 F.3d 352, 358–59 (5th Cir. 2001); *Ruston Gas Turbines Inc.* v. *Donaldson Co.*, 9 F.3d 415, 420 (5th Cir. 1993); *Bear Stearns Cos.* v. *Lavalle*, No. 3:00 Civ. 1900-D, 2001 WL 406217, at *3–4 (N.D. Tex. Apr. 18, 2001).  If anything is "sure," it is that the Attorney General's arguments based on personal jurisdiction are unavailing.

Even if the Court chose to honor the Attorney General's preference that personal jurisdiction be considered now, which it has no obligation to do, the result would be either a rejection of that argument on the merits or a direction to conduct *broader* discovery than that contemplated in the Discovery Order.  It would not be the elimination of discovery, as Attorney General Healey submits.  That is because Attorney General Healey's bad faith (or lack thereof) bears directly on the question of whether she intended to direct a constitutional tort at Texas and

cause injuries to be felt by ExxonMobil in Texas.  And if there is any doubt about the sufficiency of the evidentiary record on that issue, further discovery is required.  *See, e.g.*, *Valtech Solutions Inc.* v. *Davenport*, No. 3:15-CV-3361-D, 2016 WL 2958927, at *2 (N.D. Tex. May 23, 2016) ("If a plaintiff presents factual allegations that suggest with reasonable particularity the possible existence of the requisite contacts . . . the plaintiff's right to conduct jurisdictional discovery should be sustained." (internal citation and quotation marks omitted)); *see also Walk Haydel & Assocs., Inc.* v. *Coastal Power Prod. Co.*, 517 F.3d 235, 241–42 (5th Cir. 2008) (finding error where, in jurisdictional discovery, the court allowed only a narrow document request—and not interrogatories, full requests for production, requests for admission, and depositions—and therefore "substantially curtail[ed] the amount of discovery that could be obtained"); *Next Techs., Inc.* v. *ThermoGenisis, LLC*, 121 F. Supp. 3d 671, 676 (W.D. Tex. 2015) (permitting jurisdictional discovery to determine, *inter alia*, whether the court could exercise specific personal jurisdiction over defendants alleged to have "directed" activities into Texas).

Discovery directed at Attorney General Healey's intent to commit a constitutional tort for the purposes of the personal jurisdiction inquiry would fully subsume the discovery on bad faith already ordered in connection with *Younger* abstention.  To accept the Attorney General's suggested preference would therefore result in more discovery, not less.

### B.      There Is No Conflict with Massachusetts Law to Be Avoided.

The Attorney General also urges the Court to dismiss this case on personal jurisdiction grounds so that it can avoid an alleged conflict between federal and state law.  According to the Attorney General, a federal prohibition on prejudging the results of investigations conflicts with Massachusetts law, which requires that she prejudge the results of her investigations.  (Mem. 5–6.)  The Attorney General's argument is premised on Mass. Gen. Laws c. 93A, § 6(1), which provides that a civil investigative demand ("CID") may issue "whenever [the Attorney General]

10

believes a person has engaged in or is engaging in any method, act or practice declared to be unlawful."   But the Attorney General's attempt to manufacture a crisis of federalism—in essence, claiming that all of her investigations are by definition tainted by bias impermissible under federal law—cannot be taken seriously.

For starters, the Attorney General's argument omits the next clause of Mass. Gen. Laws c. 93A, § 6(1), which states that the purpose of a CID is "to ascertain whether in fact such person has engaged in or is engaging in" a prohibited practice.   The statutory purpose of a CID is thus to investigate whether *a suspicion* of unlawful conduct is well founded.   This interpretation of Massachusetts law is confirmed by the Attorney General's prior statements to this Court.   In opposing ExxonMobil's motion for a preliminary injunction, the Attorney General explained that her office "has issued several hundred CIDs to or regarding companies or individuals *suspected of* committing unfair and deceptive business practices."   (Dkt. 43 at 4 (emphasis added).)

Properly construed, Massachusetts law does not require the Attorney General to unconstitutionally prejudge the results of all of her investigations, but rather requires, like federal law, only that a CID be based on a legitimate suspicion that a law has been broken, and not amount to an impermissible fishing expedition.   *See Major League Baseball* v. *Crist*, 331 F.3d 1177, 1187 (11th Cir. 2003) (Fourth Amendment prohibits "fishing expeditions").   And a showing of reasonable suspicion or probable cause does not constitute impermissible bias in violation of the Fourteenth Amendment.   There is thus no conflict between Massachusetts and federal law, much less one to be avoided by vacating the Discovery Order.

**C.   The Court Does Not Lack Authority to Examine Its Own Jurisdiction.**

The Attorney General next makes the extraordinary claim that the Court cannot order discovery into its ability to hear this case because the Court may later determine that it lacks personal jurisdiction over the Attorney General.   (Mem. 6–7.)   This argument is flatly contrary to

the "well-settled" principle that "'a district court has broader power to decide its own right to hear the case than it has when the merits of the case are reached.'" *Kuwait Pearls Catering Co.* v. *Kellogg, Brown & Root Servs.*, Civ. A. H-15-0754, 2016 WL 1259518, at *14 n.19 (S.D. Tex. Mar. 31, 2016) (quoting *Williamson* v. *Tucker*, 645 F.2d 404, 413 (5th Cir. 1981)).   Courts regularly permit jurisdictional discovery in cases where jurisdiction is subsequently found to be lacking.  *See, e.g.*, *721 Bourbon, Inc.* v. *House of Auth, LLC*, 140 F. Supp. 3d 586 (E.D. La. 2015) (granting motion to dismiss for lack of personal jurisdiction after a period of jurisdictional discovery); *Chemguard Inc.* v. *Dynax Corp.*, No. 4:08-CV-057-Y, 2010 WL 363481 (N.D. Tex. Feb. 2, 2010) (same).  Were the Attorney General correct, the concept of jurisdictional discovery would not exist at all.  This is not, and cannot be, the law.

That is why the Attorney General's claim that it would be "reversible error" to permit discovery on *Younger* abstention before ruling on personal jurisdiction rings hollow.  (Mem. 6.)  This Court is imbued with "broad discretion in all discovery matters," which, even in the ordinary course, "will not be disturbed" by the Fifth Circuit "unless there are unusual circumstances showing a clear abuse." *Seiferth*, 472 F.3d at 270 (citation and quotation marks omitted).   The Attorney General's suggestion is particularly misguided here, where no appealable order exists and any relief could be obtained only by a writ of mandamus.  Fifth Circuit law is clear, however, that a writ of mandamus may issue only where the petitioner's right to the writ "is clear and indisputable." *In re LeBlanc*, 559 F. App'x 389, 392 (5th Cir. 2014) (citation and quotation marks omitted).  And it is equally clear that where, as here, "a matter is within the district court's discretion, the litigant's right to a particular result cannot be clear and indisputable." *Id.* (citing *Kmart Corp.* v. *Aronds*, 123 F.3d 297, 300–01 (5th Cir.1997) (quotation marks omitted)).  As a result, the Fifth Circuit has held that "interlocutory review of ordinary discovery orders is generally unavailable, through mandamus or otherwise." *LeBlanc*,

559 F. App'x at 392 (citing *Cheney* v. *U.S. Dist. Ct. for D.C.*, 542 U.S. 367, 381 (2004) (quotation marks omitted)).[2]

## IV.   The Attorney General's Desire Not to Participate in or Cooperate with Court-Ordered Discovery Does Not Supply a Basis for Reconsideration.

Having failed to demonstrate that the Court cannot or should not develop a record to assess the *Younger* argument she put before it, the Attorney General next asks the Court not to permit discovery and, if it does, shockingly promises not to cooperate in the discovery the Court has ordered.

### A.   The Court Need Not Accept the Attorney General's Definition of an Adequate Record for Considering *Younger* Abstention.

The Attorney General claims that the Court need not supplement the record to address her *Younger* argument because, in her view, the Court has before it all the evidence it needs to validate the legitimacy of her investigation.   (Mem. 7–8.)   The problem, according to the Attorney General, is that the Court "does not appear to have considered the ample substantive evidence in the record on which [the Attorney General] relied in determining to issue the CID." (Mem. 7.)   Nothing in the record supports the notion that this Court failed to consider any material put forward by the Attorney General.  In any event, as shown by ExxonMobil's reply in support of its motion for a preliminary injunction (Dkt. 57 at pp. 4–5) and at oral argument, the documents which the Attorney General claims "illustrat[e] Exxon's advanced knowledge of climate change" (Mem. 8) cannot fairly be read to support that proposition.  Instead, the Attorney General's supposed good faith theory appears to rely on cherry-picking documents and taking quotes out of context to backfill a premise about ExxonMobil's knowledge that is not supported by the full record.  The Attorney General's complaint is thus not that the Court has failed to

---

[2]    For this reason, the Attorney General's conclusory request that discovery be stayed pending review by the Fifth Circuit (Mem. 11) should similarly be denied.  *See, e.g.*, *David* v. *Signal Int'l, LLC*, 37 F. Supp. 3d 836, 840 (E.D. La. 2014) (denying stay pending mandamus petition "in light of the fact that mandamus relief is unlikely to be granted" (citing *LeBlanc*, 559 F. App'x at 392–93)).

consider the materials she has put forward but that those materials have failed to persuade the Court that her investigation was initiated in good faith.

**B.      Discovery Is Merited by the Extraordinary Record.**

Attorney General Healey next claims that it would be improper for the Court to "open the door to an inquiry into the motivations of the Attorney General or her staff." (Mem. 8.) The Court did not open this door; the Attorney General did, when she announced an illegitimate basis for her investigation at a press conference, executed an agreement with other Attorneys General to suppress dissenting views, and invoked *Younger* abstention in her motion to dismiss. The Attorney General likewise complains that the Discovery Order improperly permits "investigation of the investigators." (*Id.*) But this is not a case where, as the Attorney General suggests, ExxonMobil is bringing a lawsuit because it "fe[els] aggrieved by the investigation" but lacks any valid basis to complain. (Mem. 8 (citing *Stockman* v. *Fed. Election Comm'n*, 138 F.3d 144, 154 (5th Cir. 1998)).) This is an extraordinary case, with an extraordinary record in which the Attorney General met in secret with climate activists and private tort litigators, after which she publicly declared, before her investigation began, both that she was pursuing it for illegitimate political purposes and that she had already pre-determined its outcome. The Attorney General concedes that "extraordinary circumstances" can justify compelling government officials to respond to discovery requests regarding their actions. (Mem. 10 (citing *In re FDIC*, 58 F.3d 1055, 1062 (5th Cir. 1995)).) This is just such a case where discovery is merited.

**C.      No Privilege or Protection Stands in the Way of the Discovery Ordered by the Court.**

The Attorney General next pledges that she will resist complying with the Discovery Order if it is not vacated. To back up this pledge, the Attorney General lists a number of privileges and protections she vows to assert "strenuously" to withhold documents and prevent

testimony relevant to her bad faith.  (Mem. 9–10.)  None of those privileges or protections stands in the way of the discovery the Court has ordered.[3]

Attorney General Healey first claims that any documents requested by ExxonMobil would be protected by the law enforcement privilege.  (Mem. 10 n.12.)  But the law enforcement privilege only "protect[s] government documents relating to an ongoing *criminal* investigation"—not documents concerning an "investigation" conducted pursuant to a *civil* investigative demand.  *In re U.S. Dep't of Homeland Sec.*, 459 F.3d 565, 569–70 n.2 (5th Cir. 2006) (emphasis added); *U.S. ex rel. Becker* v. *Tools & Metals, Inc.*, No. 3:05-2301-L, 2011 WL 856928, at *3 (N.D. Tex. Mar. 11, 2011).  Similarly, the "executive privilege" invoked by the Attorney General (Mem. 10 n.12) cannot provide the blanket exemption from discovery she seeks, but rather can be asserted only "with reference to specific documents or specific deposition questions."  *Exxon Corp.* v. *Department of Energy*, 91 F.R.D. 26, 43 (N.D. Tex. 1981).  And even though the privilege can shield certain documents reflecting the mental processes of executive officers, "where a prima facie case of misconduct is shown, justice requires that the mental process rule be held inapplicable."  *Singer Sewing Mach. Co.* v. *NLRB*, 329 F.2d 200, 208 (4th Cir. 1964) (collecting cases); *cf. Carl Zeiss Stiftung* v. *V.E.B. Carl Zeiss, Jena*, 40 F.R.D. 318, 324 (D.D.C 1966) (applying executive privilege in a case where "no charge of governmental misconduct or perversion of governmental power is advanced").  Nor can the Attorney General hide in the shadow of the attorney work product doctrine.  Certain materials prepared by the Attorney General's office in anticipation of litigation may be discoverable if ExxonMobil has a substantial need for these documents and cannot obtain them by any other means without undue hardship.  Fed. R. Civ. P. 26(b)(3).

---

[3] Should any discovery disputes arise between the parties, the Court is fully capable of resolving them, including with the assistance of a magistrate judge or special master.

Additionally, although the Attorney General makes a number of already-debunked claims about the "exceptionally strong basis" for her "very serious" investigation (Mem. 7–8), she argues that her status as a "high-level government official" means that she cannot be forced to give testimony to actually back up these claims.  (Mem. 9–10.)  As the Fifth Circuit has held, however, even high-level government officials may be compelled to testify when, as here, "there has been a strong showing of bad faith or improper behavior."  *In re FDIC*, 58 F.3d 1055, 1062 (5th Cir. 1995); *see also Pension Benefit Guar. Corp.* v. *LTV Steel Corp.*, 119 F.R.D. 339, 344 (S.D.N.Y. 1988) (permitting deposition of the Executive Director of a government agency based on the "narrow, albeit serious charge that the PBGC exercised its statutory authority under ERISA for an improper purpose").  The doctrine underlying the Attorney General's stated plan to evade giving testimony thus cannot protect her, but rather simply begs the question of whether she acted in bad faith.

## V. The Attorney General's Further Attempts to Re-Litigate the Motion to Dismiss Are Unavailing

Finally, the Attorney General attempts to re-litigate additional branches of her motion to dismiss by restating her position that this dispute is unripe and venue is improper.  For the reasons set forth in ExxonMobil's opposition to the Attorney General's motion to dismiss (Dkt. 60 at 22–24), this case is ripe for adjudication because ExxonMobil faces an immediate penalty for non-compliance with the CID; that is to say, the CID is self-executing.  *See Google* v. *Hood*, 822 F.3d 212 (5th Cir. 2016).  As also stated in ExxonMobil's opposition to the motion to dismiss (Dkt. 60 at 24–25), venue is proper because the Attorney General seeks to impinge on the First Amendment rights of ExxonMobil, which has a principal place of business in this District, and a First Amendment injury has been held to be located at the plaintiff's principal

place of business. *Fund for La.'s Future* v. *La. Bd. of Ethics*, No. 14-0368, 2014 WL 1514234, at *12 (E.D. La. Apr. 16, 2014).[4]

## **CONCLUSION**

By rehashing arguments already presented to this Court, the Attorney General has failed to meet the applicable legal standard for reconsideration.  That failure, standing alone, would be sufficient grounds to deny her motion.  But even if that failure was excused, the motion would remain meritless.  This Court has broad discretion to order discovery on threshold matters like *Younger* abstention, particularly when, as here, they have been raised by a party as a basis for relief.  While the Attorney General might prefer that this Court consider personal jurisdiction prior to evaluating *Younger* abstention, there is no legal requirement that it do so.  And were the Court to consider personal jurisdiction, it would either find it established by the existing record or require discovery at least as broad as that contemplated by the Discovery Order to determine whether the Attorney General intentionally directed a constitutional tort at Texas.  Neither the Attorney General's announced refusal to comply with the Discovery Order nor her re-litigation of ripeness and venue provide a sound basis for reconsideration.  In light of the Attorney General's failure to comply with the applicable legal standard or present this Court with any substantive grounds for reconsidering the Discovery Order, her motion for reconsideration should be denied.

---

[4]  The Attorney General also requests that the Court transfer this action to the District of Massachusetts, but she fails to discuss any of the factors relevant to determining whether to transfer a pending action and the request should be denied on that basis alone.  If the Attorney General attempts to address these factors in reply, ExxonMobil requests an opportunity to respond.  Further, the fact that this request was first made in a motion to reconsider the Discovery Order—and not in the Attorney General's motion to dismiss, or in opposition to ExxonMobil's motion for a preliminary injunction—suggests that it is being sought to escape the scrutiny of this Court, and not for convenience of the parties or in the interests of justice.  *See* 28 U.S.C.§ 1404(a).

Dated:  October 27, 2016

EXXON MOBIL CORPORATION

By:  /s/ Patrick J. Conlon
Patrick J. Conlon
*pro hac vice*
State Bar No. 24054300
Daniel E. Bolia
State Bar No. 24064919
daniel.e.bolia@exxonmobil.com
1301 Fannin Street
Houston, TX 77002
(832) 624-6336

/s/ Nina Cortell
Nina Cortell
State Bar No. 04844500
nina.cortell@haynesboone.com
HAYNES & BOONE, LLP
2323 Victory Avenue
Suite 700
Dallas, TX 75219
(214) 651-5579
Fax: (214) 200-0411

/s/ Theodore V. Wells, Jr.
Theodore V. Wells, Jr.
*pro hac vice*
twells@paulweiss.com
Michele Hirshman
*pro hac vice*
mhirshman@paulweiss.com
Daniel J. Toal
*pro hac vice*
dtoal@paulweiss.com
PAUL, WEISS, RIFKIND, WHARTON &
GARRISON, LLP
1285 Avenue of the Americas
New York, NY  10019-6064
(212) 373-3000
Fax: (212) 757-3990

/s/ Ralph H. Duggins
Ralph H. Duggins
State Bar No. 06183700
rduggins@canteyhanger.com
Philip A. Vickers
State Bar No. 24051699
pvickers@canteyhanger.com
Alix D. Allison
State Bar. No. 24086261
aallison@canteyhanger.com
CANTEY HANGER LLP
600 West 6th Street, Suite 300
Fort Worth, TX 76102
(817) 877-2800
Fax: (817) 877-2807

Justin Anderson
*pro hac vice*
janderson@paulweiss.com
2001 K Street, NW
Washington, D.C.  20006-1047
(202) 223-7300
Fax: (202) 223-7420

*Counsel for Exxon Mobil Corporation*

## CERTIFICATE OF SERVICE

This is to certify that on this 27th day of October 2016, a true and correct copy of the foregoing document was filed electronically via the CM/ECF system, which gave notice to all counsel of record pursuant to Local Rule 5.1(d).

/s/Ralph H. Duggins
RALPH H. DUGGINS