IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

|  |  |  |
|---|---|---|
| EXXON MOBIL CORPORATION, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:16-CV-469-K |
| | ) | |
| ERIC TRADD SCHNEIDERMAN, Attorney General of New York, in his official capacity and MAURA TRACY HEALEY, Attorney General of Massachusetts, in her official capacity, | ) ) ) ) ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## MOTION TO VACATE AND RECONSIDER NOVEMBER 17 ORDER, STAY DISCOVERY, AND ENTER A PROTECTIVE ORDER

Defendant Massachusetts Attorney General Maura Healey respectfully requests that the Court: (1) vacate and reconsider its Order of November 17, 2016 (Doc. No. 117, "Second Discovery Order"), directing Attorney General Healey to appear for a deposition at the United States District Court for the Northern District of Texas on December 13, 2016; (2) stay discovery until dispositive motions filed in response to the First Amended Complaint are decided; and (3) issue a protective order precluding Exxon from taking the deposition of Attorney General Healey.  The Court should vacate and reconsider the Second Discovery Order and stay discovery for several reasons, as detailed in the accompanying Memorandum of Law.

1.     On November 10, 2016, the Court granted Exxon's motion to amend its complaint to add the New York Attorney General as a defendant and to add additional claims (Doc. No. 99), and on the same day, Exxon filed its First Amended Complaint (Doc. No. 100, "Amended Complaint"). The Court's October 13, 2016 discovery order (Doc. No. 73, "First Discovery

1

Order") is based on Exxon's *initial* Complaint, which has been superseded by the First Amended Complaint, and is, therefore, moot. Discovery should be stayed pending filing of defendants' responsive pleadings (due November 28, 2016) and resolution of any dispositive motions in connection with Exxon's Amended Complaint.

2.      Well-established precedent requires that depositions of high-ranking officials only occur in exceptional circumstances that are not present here.

3.      Ordering discovery here for the purpose of challenging an administrative subpoena is improper and Exxon has failed to satisfy its burden of showing the need for such discovery.

4.      As set forth in Attorney General Healey's Motion to Reconsider the Court's First Discovery Order (Doc. Nos. 78 and 79), discovery on the question whether to apply *Younger* abstention in this case is unwarranted, where the Court lacks personal jurisdiction over Attorney General Healey and the Court must dismiss the case on that ground. In any event, the record reflects ample evidence of Attorney General Healey's good faith basis for issuing a civil investigative demand ("CID") to Exxon.

5.      Discovery should be stayed while the Court has the opportunity to fully consider the substantial arguments raised concerning personal jurisdiction and the lack of need for jurisdictional discovery.  The Attorney General deserves to have her arguments considered by the Court and have the opportunity to seek appellate review, if necessary, before discovery were to actually commences.

## **PRAYER**

For these reasons, Attorney General Healey requests that the Court vacate and reconsider its Second Discovery Order, stay discovery until dispositive motions filed in response to the First

Amended Complaint are decided, and issue a protective order precluding Exxon from taking the

deposition of Attorney General Healey.

Respectfully submitted,

MAURA HEALEY
ATTORNEY GENERAL OF
MASSACHUSETTS

By her attorneys,

Richard Johnston (*pro hac vice*)         *s/ Douglas A. Cawley*
Chief Legal Counsel                        Douglas A. Cawley
richard.johnston@state.ma.us               Lead Attorney
Melissa A. Hoffer (*pro hac vice*)         Texas State Bar No. 04035500
Chief, Energy and Environment Bureau       dcawley@mckoolsmith.com
melissa.hoffer@state.ma.us                 Richard A. Kamprath
Christophe G. Courchesne (*pro hac vice*)  Texas State Bar No. 24078767
Chief, Environmental Protection Division   rkamprath@mckoolsmith.com
christophe.courchesne@state.ma.us          MCKOOL SMITH, P.C.
I. Andrew Goldberg (*pro hac vice*)        300 Crescent Court, Suite 1500
andy.goldberg@state.ma.us                  Dallas, Texas 75201
Peter C. Mulcahy (*pro hac vice*)          (214) 978-4000
peter.mulcahy@state.ma.us                  Fax (214) 978-4044
Assistant Attorneys General
OFFICE OF THE ATTORNEY GENERAL
One Ashburton Place, 18th Floor
Boston, MA 02108
(617) 727-2200

Dated: November 25, 2016

3

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that, on November 26, 2016, all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system. Any other counsel of record will be served in accordance with the Federal Rules of Civil Procedure.

s/ *Douglas A. Cawley*
Douglas. A. Cawley


## <u>CERTIFICATE OF CONFERENCE</u>

On November 22, 2016, Melissa Hoffer conferred by phone with Paul Weiss, an attorney representing Exxon Mobil Corporation in this action, and advised him that Attorney General Healey would be filing a motion to reconsider the jurisdictional discovery order in the case on Wednesday, November 23, 2016.  Counsel for Exxon did not consent to the relief sought in the motion.  On November 23, 2016, Melissa Hoffer informed Justin Anderson, an attorney representing Exxon Mobil Corporation, by e-mail that Attorney General Healey would instead be filing her motion to reconsider on Friday, November 25, 2016.  Mr. Anderson acknowledged recipt of the e-mail.

*s/ Richard A. Kamprath*
Richard A. Kamprath