IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| EXXON MOBIL CORPORATION, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 4:16-CV-469-K |
| | § | |
| ERIC TRADD SCHNEIDERMAN, | § | |
| Attorney General of New York, in his | § | |
| official capacity, and MAURA TRACY | § | |
| HEALEY, Attorney General of | § | |
| Massachusetts, in her official capacity, | § | |
| | § | |
| Defendants. | § | |
| | § | |

**APPENDIX IN SUPPORT OF EXXON MOBIL CORPORATION'S OPPOSITION TO
MAURA TRACY HEALEY'S MOTION TO VACATE THE ORDER FOR HER
DEPOSITION,  TO STAY DISCOVERY, AND FOR A PROTECTIVE ORDER**

| Exhibit | Description | Page(s) |
|:---:|:---|:---:|
| N/A | Declaration of Justin Anderson (Nov. 29, 2016) | iii – iv |
| A | Order, *People* v. *PricewaterhouseCoopers LLP*, No. 451962/2016 (N.Y. Sup. Ct. Nov. 21, 2016) | App. 1 – App. 2 |
| B | Transcript of Telephone Conference Before the Honorable Ed Kinkeade, U.S. District Judge, *Exxon Mobil Corp.* v. *Schneiderman et al.*, No. 4:16-CV-469-K (N.D. Tex. Nov. 16, 2016) | App. 3 – App. 29 |

Dated:  Nov. 29, 2016


EXXON MOBIL CORPORATION
Patrick J. Conlon
(patrick.j.conlon@exxonmobil.com)
State Bar No. 24054300
(*pro hac vice*)
Daniel E. Bolia
(daniel.e.bolia@exxonmobil.com)
State Bar No. 24064919
1301 Fannin Street
Houston, TX 77002
(832) 624-6336

Theodore V. Wells, Jr.
(*pro hac vice*)
(twells@paulweiss.com)
Michele Hirshman
(*pro hac vice*)
(mhirshman@paulweiss.com)
Daniel J. Toal
(*pro hac vice*)
(dtoal@paulweiss.com)
PAUL, WEISS, RIFKIND, WHARTON &
GARRISON LLP
1285 Avenue of the Americas
New York, NY  10019-6064
(212) 373-3000
Fax: (212) 757-3990

Justin Anderson
(*pro hac vice*)
(janderson@paulweiss.com)
PAUL, WEISS, RIFKIND, WHARTON &
GARRISON LLP
2001 K Street, NW
Washington, D.C.  20006-1047
(202) 223-7300
Fax: (202) 223-7420


*Counsel for Exxon Mobil Corporation*

        /s/ Ralph H. Duggins         
Ralph H. Duggins
(rduggins@canteyhanger.com)
State Bar No. 06183700
Philip A. Vickers
(pvickers@canteyhanger.com)
State Bar No. 24051699
Alix D. Allison
(aallison@canteyhanger.com)
State Bar. No. 24086261
CANTEY HANGER LLP
600 W. 6th St., Suite 300
Fort Worth, TX 76102
(817) 877-2800
Fax: (817) 877-2807

Nina Cortell
(nina.cortell@haynesboone.com)
State Bar No. 04844500
HAYNES & BOONE, LLP
2323 Victory Avenue
Suite 700
Dallas, TX 75219
(214) 651-5579
Fax: (214) 200-0411

## <u>CERTIFICATE OF SERVICE</u>

This is to certify that on this 29th day of November 2016, a true and correct copy of the foregoing document was filed electronically via the CM/ECF system, which gave notice to all counsel of record pursuant to Local Rule 5.1(d).

<u>/s/ Ralph H. Duggins</u>
RALPH H. DUGGINS

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| EXXON MOBIL CORPORATION, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 4:16-CV-469-K |
| | § | |
| ERIC TRADD SCHNEIDERMAN, | § | |
| Attorney General of New York, in his | § | |
| official capacity, and MAURA TRACY | § | |
| HEALEY, Attorney General of | § | |
| Massachusetts, in her official capacity, | § | |
| | § | |
| Defendants. | § | |
| | § | |

## DECLARATION OF JUSTIN ANDERSON

I, Justin Anderson, declare as follows:

1.      My name is Justin Anderson.  I have been admitted to practice law *pro hac vice* in the U.S. District Court for the Northern District of Texas and am an attorney with the law firm Paul, Weiss, Rifkind, Wharton & Garrison LLP, counsel of record for Exxon Mobil Corporation ("ExxonMobil") in this matter.  I am at least 18 years of age and am fully competent in all respects to make this Declaration.  I have personal knowledge of the facts stated herein, based on my experience or my consultation with others, or they are known to me in my capacity as counsel for ExxonMobil, and each of them is true and correct.

2.      I submit this declaration in support of ExxonMobil's Opposition to Maura Tracy Healey's Motion to Vacate the Order for Her Deposition, to Stay Discovery, and for a Protective Order.

3.      Attached to this declaration as Exhibit A is an order issued on November 21, 2016, by the Honorable Barry Ostrager, Justice of the Supreme Court of New York, in the action filed by the New York Attorney General against PricewaterhouseCoopers LLP and ExxonMobil.  It was obtained from New York's electronic court filing website.

4.      Attached to this declaration as Exhibit B is the transcript of the telephonic conference that took place on November 16, 2016 before this Court.  It was obtained on November 17, 2016, from Todd Anderson, U.S. District Court Reporter.


I declare under penalty of perjury that the foregoing is true and correct.

Executed on November 29, 2016.

Justin Anderson
(janderson@paulweiss.com)
(*pro hac vice*)
Paul, Weiss, Rifkind, Wharton &
        Garrison LLP
2001 K Street, NW
Washington DC 20006-1047
(202) 223-7321
Fax: (202) 204-7394

# Exhibit A

# SUPREME COURT OF THE STATE OF NEW YORK
## NEW YORK COUNTY

### BARRY R. OSTRAGER

PRESENT: _____ **JSC**

*Justice*

PART _6/_

| Index Number : 451962/2016 | INDEX NO. _____ |
|---|---|
| PEOPLE OF STATE OF NEW YORK | MOTION DATE _____ |
| vs. | MOTION SEQ. NO. _____ |
| PRICEWATERHOUSECOOPERS LLP | |
| SEQUENCE NUMBER : 003 | |
| COMPEL | |

The following papers, numbered 1 to _____ , were read on this motion to/for _____

| | |
|---|---|
| Notice of Motion/Order to Show Cause — Affidavits — Exhibits _____ | No(s). _____ |
| Answering Affidavits — Exhibits _____ | No(s). _____ |
| Replying Affidavits _____ | No(s). _____ |

Upon the foregoing papers, it is ordered that this motion is *denied in accordance with the decision on the record on November 21, 2016 .*

**MOTION/CASE IS RESPECTFULLY REFERRED TO JUSTICE FOR THE FOLLOWING REASON(S):**

Dated: _November 21, 2016_

_____ , J.S.C.

**BARRY R. OSTRAGER**
JSC

1. CHECK ONE: ...................................................... ☐ CASE DISPOSED ☒ NON-FINAL DISPOSITION

2. CHECK AS APPROPRIATE: ..........................MOTION IS: ☐ GRANTED ☒ DENIED ☐ GRANTED IN PART ☐ OTHER

3. CHECK IF APPROPRIATE: .................................. ☐ SETTLE ORDER ☐ SUBMIT ORDER

☐ DO NOT POST ☐ FIDUCIARY APPOINTMENT ☐ REFERENCE

**App. 002**

# Exhibit B

1                    IN THE UNITED STATES DISTRICT COURT

2                  FOR THE NORTHERN DISTRICT OF TEXAS

3                          FORT WORTH DIVISION

4
  EXXON MOBIL CORPORATION,      )          4:16-CV-469-K
5            Plaintiff,         )
                               )
6                              )
  VS.                          )
7                              )
                               )          DALLAS, TEXAS
8  ERIC TRADD SCHNEIDERMAN,     )
  Attorney General of New      )
9  York, in his official       )
  capacity, and MAURA TRACY    )
10 HEALEY, Attorney General of  )
  Massachusetts, in her        )
11 official capacity,          )
            Defendants.        )          November 16, 2016
12

13                  TRANSCRIPT OF TELEPHONE CONFERENCE

14                 BEFORE THE HONORABLE ED KINKEADE

15                   UNITED STATES DISTRICT JUDGE

16

17   A P P E A R A N C E S:

18

19

   FOR THE PLAINTIFF:        MR. JUSTIN ANDERSON
20                           Paul, Weiss, Ritkind,
                               Wharton & Garrison LLP
21                           2001 K Street, NW
                           Washington, D.C.  20006
22                           janderson@paulweiss.com
                           (202) 223-7300
23

24

25



1        **MR. TED WELLS**
         Paul, Weiss, Ritkind,
2           Wharton & Garrison LLP
         1285 Avenue of the Americas
3        New York, New York  10019
         twells@paulweiss.com
4        (212) 373-3317

5
         **MS. MICHELE HIRSHMAN**
6        Paul, Weiss, Rifkind,
            Wharton & Garrison, LLP
7        1285 Avenue of the Americas
         New York, New York  10019
8        MHirschman@paulweiss.com
         (212) 373-3000
9

10       **MR. DANIEL E. BOLIA**
         Exxon Mobil Corporation
11       1301 Fannin Street
         Room 1546
12       Houston, Texas  77002
         daniel.e.bolia@exxonmobil.com
13       (832) 648-5500

14
         **MR. PATRICK JOSEPH CONLON**
15       Exxon Mobil Corporation
         1301 Fannin Street
16       Room 1539
         Houston, Texas  77002
17       patrick.j.conlon@exxonmobil.com
         (832) 624-6336
18

19
         **MS. NINA CORTELL**
20       Haynes & Boone LLP
         2323 Victory Avenue
21       Suite 700
         Dallas, Texas  75219
22       nina.cortell@haynesboone.com
         (214) 651-5579
23

24

25

```
 1   FOR THE DEFENDANT,          MR. RODERICK ARZ
     ERIC TRADD SCHNEIDERMAN:    Office of the Attorney General
 2                                 State of New York
                                 120 Broadway, Fl 24th
 3                               New York, New York  10271
                                 (212) 416-8633
 4

 5
                                 MR. JEFFREY M. TILLOTSON, P.C.
 6                               Tillotson Law
                                 750 N. Saint Paul Street
 7                               Suite 610
                                 Dallas, Texas  75201
 8                               Jtillotson@TillotsonLaw.como
                                 (214) 382-3041
 9

10
                                 MR. PETE MARKETOS
11                               Reese Gordon Marketos LLP
                                 750 N. Saint Paul Street
12                               Suite 610
                                 Dallas, Texas  75201
13                               petemarketos@rgmfirm.com
                                 (214) 382-9810
14

15
     FOR THE DEFENDANT,          MR. DOUGLAS A. CAWLEY
16   MAURA TRACY HEALY:          McKool Smith
                                 300 Crescent Court
17                               Suite 1500
                                 Dallas, Texas  75201
18                               dcawley@mckoolsmith.com
                                 (214) 978-4972
19

20
                                 MR. RICHARD JOHNSTON
21                               Massachusetts Attorney
                                   General's Office
22                               One Ashburton Place
                                 20th Floor
23                               Boston, Massachusetts  02108
                                 Richard.Johnston@state.ma.us
24                               (617) 963-2028

25
```



1                              MS. MELISSA HOFFER
                               Massachusetts Attorney
2                                General's Office
                               One Ashburton Place
3                              19th Floor
                               Boston, Massachusetts  02108
4                              melissa.hoffer@state.ma.us
                               (617) 963-2322
5

6
   ALSO PRESENT:              MR. JASON BROWN
7

8
   COURT REPORTER:           MR. TODD ANDERSON, RMR, CRR
9                              United States Court Reporter
                               1100 Commerce St., Rm. 1625
10                             Dallas, Texas  75242
                               (214) 753-2170
11

12

13

14

15

16

17

18

19

20

21

22

23        Proceedings reported by mechanical stenography and

24   transcript produced by computer.

25

```
 1              TELEPHONE CONFERENCE - NOVEMBER 16, 2016
 2                     P R O C E E D I N G S
 3              THE COURT:  Good morning.  Let me make sure who I
 4    have got.
 5              Mr. Anderson?
 6              Hello?
 7              Mr. Anderson?
 8              MR. ANDERSON:  Good morning, Judge.
 9              THE COURT:  Ms. Cortell?
10              MS. CORTELL:  Yes, Your Honor.  I've got a full list
11    if that would help.
12              THE COURT:  Is it Richard Johnston?
13              MR. JOHNSTON:  Yes, Your Honor.
14              THE COURT:  And then Mr. Arz?
15              MR. ARZ:  Yes, Your Honor.  Good morning.
16              THE COURT:  Good morning.
17              How is the weather in New York?
18              MR. ARZ:  Good.
19              MR. BROWN:  And, Your Honor, this is Jason Brown.
20    I'm the chief deputy for the New York Attorney General's
21    Office.  I'm on the line as well.
22              And the weather up here is actually not so bad.
23              THE COURT:  What does that mean?
24              Is it raining -- raining and cold?
25              MR. BROWN:  Yesterday it was raining and cold.
```

1   Today, it's funny, it's a little bit warmer, so --

2           THE COURT:  Oh, well, good.  Good.

3           MR. BROWN:  (Inaudible)

4           THE COURT:  Well, good.  So -- all right.  Anybody

5   else on the line?

6           MS. CORTELL:  Your Honor, it's Nina Cortell.  Let me

7   give you a full list, if that's okay.

8           THE COURT:  Sure.

9           MS. CORTELL:  I think that might expedite it.

10          THE COURT:  Okay.

11          MS. CORTELL:  So for ExxonMobil, in addition to

12  Justin Anderson, you have myself, Nina Cortell, Ted Wells, Pat

13  Conlon, Dan Bolia, and Michele Hirshman.

14          For the Massachusetts Attorney General, in addition

15  to Richard Johnston, you have Melissa Hoffer and Doug Cawley.

16          And for the New York Attorney General you have -- in

17  additional to Mr. Arz and Jason Brown, you have Pete Marketos

18  and Jeff Tillotson.

19          THE COURT:  Mr. Tillotson.  You haven't been in here

20  since you became an independent lawyer.  How are you doing?

21          MR. TILLOTSON:  I'm doing fine, Your Honor.  Thanks

22  for asking.  I'm -- I'm my own boss, and so I routinely both

23  hire and fire myself every afternoon.

24          THE COURT:  Well, there you go.  I wasn't worried

25  that you were going broke.  I just wondered what was going on

```
 1    with you.  That's good.  Good to have you back.
 2         Okay.
 3         MR. TILLOTSON:  Thank you.
 4         THE COURT:  You know, I've got Ms. Cortell's letter,
 5    and I guess her concern and my concern, too, at this point is
 6    whether or not Attorney General Schneiderman -- isn't that the
 7    right way to say it, general?  Just call him General
 8    Schneiderman and General Healey, whether they're going to
 9    comply with the order on the discovery or not and/or what's
10    going to happen there.  And I just wanted to kind of hear
11    y'all's response from that.
12         MR. JOHNSTON:  Your Honor, this is Richard Johnston.
13    You heard from me in September when we were down there arguing.
14    I will talk for the Attorney General's Office in Massachusetts.
15         As Your Honor will probably recall when we were
16    before you the last time, we argued quite strenuously that the
17    Court didn't have personal jurisdiction over Attorney General
18    Healey.  We argued secondarily that the Court should abstain
19    from taking the case because there was almost equivalent
20    proceeding in a Massachusetts state court.
21         We also argued there was no real irreparable harm
22    because Exxon had already produced many of the same documents
23    to New York.
24         And when we left court, or as we were leaving court,
25    you told us -- you told the parties that it seemed strange that
```

1   Exxon had produced a lot of documents to New York but wouldn't

2   give them to Massachusetts, and directed the parties to have a

3   discussion, and failing a discussion between us that we would

4   mediate before Judge Stanton.

5          We had discussions about the subject, and then we had

6   a mediation with Judge Stanton, and we left the process with no

7   documents from Exxon.

8          To our somewhat surprise we then got almost

9   immediately the discovery order, which seemed to relate

10  primarily the issue of abstention, at which point we filed a

11  motion for reconsideration with Your Honor on the discovery

12  order because we pointed out that the law on personal

13  jurisdiction seemed very clear under the Fifth Circuit, that

14  there was no ability on the part of the Court to exercise

15  jurisdiction over an attorney general from another state, no

16  federal court anywhere in the country had done that over the

17  opposition of an attorney general and Exxon didn't provide any

18  such cases.  So that motion for reconsideration is still

19  pending.

20         In the meantime, we received from Exxon approximately

21  a hundred and so written discovery requests, including

22  interrogatories, document requests, and requests for admission.

23  We also got notices of the deposition for Attorney General

24  Healey herself and -- to assist the attorneys general.

25         Now, each one of those discovery requests had a

1    particular time period for responding under the rules, and we

2    do intend to respond to all of them under the rules.  And as we

3    have said in at least one other paper, we do intend to object

4    to the discovery, including depositions of Attorney General

5    Healey and her associates and to the other forms of discovery.

6            But we will be filing those in a timely fashion.  I

7    think in direct response to Ms. Cortell's concern, we do not

8    expect that Attorney General Healey or the other assistant

9    attorneys general will show up for depositions.  We will be

10   filing motions with respect to those prior to the depositions.

11           I should note that when we got the notices -- we got

12   the letter from Exxon's counsel, I think on Friday during the

13   holiday about whether we would show up or not, and when by

14   Monday afternoon we had not yet responded, they sent a letter

15   to Your Honor saying there was concern about whether people

16   were going to show up.

17           So it's not as though there was any long delay in

18   letting people know.  I think less than -- there hadn't even

19   been a working day on Friday and we were a few hours into the

20   working day on Monday and we still had several days before our

21   formal responses were due.

22           So we will be filing those responses, and the

23   responses will, among other things, talk about the fact that it

24   is heavily, heavily disfavored to have top executive officials,

25   including attorneys general, deposed about their thought

1    processes in bringing particular matters.

2         And what we seem to have here, as we argue in our

3    motion for reconsideration, is a situation where the normal

4    investigatory process has been turned on its head.

5         We still in response to our civil investigation

6    demand have not received one document from Exxon, and yet Exxon

7    is going after the Attorney General's entire thought process

8    through a hundred written discovery requests and more and then

9    three depositions of key people who are involved in the

10   decision-making process.

11        So our motion for reconsideration focuses on that as

12   will our objections to the specific discovery requests which

13   they have made.

14        THE COURT:  Is that no?

15        MR. JOHNSTON:  That is a no.

16        THE COURT:  That's the longest no I have had in two

17   or three weeks, but it's okay.  I'm used to that.  You're a

18   lawyer.

19        All right.

20        MR. JOHNSTON:  Also it's been a few -- it's been a

21   couple of months now since we were before you, and I know you

22   have been in a busy trial.  And, you know, sometimes it's

23   important to just remind everybody where we -- where we think

24   we are on this.

25        THE COURT:  I appreciate that, and that -- you know,

```
 1   I was a history minor, and so I always like history, and so not
 2   that I always need it, and I kind of like to choose which
 3   history I'm -- you know, whatever.
 4          But I kind of do keep up with my docket, what's going
 5   on.  But I'm glad for you to keep up with it, too.  That's
 6   always fascinating, and that's -- you know, you talk about
 7   things are unusual.  I would say that's a little unusual to
 8   think that, you know, your comments about we got this unusual
 9   thing from the Court.  You know, whatever.
10          You can make whatever comments you want to make.  I'm
11   going to make whatever rulings I think are appropriate, and
12   I'll rule on your motion when I -- in due time.
13          So I'll take that as an answer of no.
14          All right.  Mr. Schneiderman's representative --
15   excuse me.  General Schneiderman's representative, who is going
16   to be -- tell me who's speaking for him.
17          Mr. Arz?
18          MR. BROWN:  So, Your Honor, again, Chief Deputy Jason
19   Brown speaking.
20          THE COURT:  Oh, I'm sorry.  Okay.
21          MR. BROWN:  I'm going to take Your Honor's cue, the
22   answer is no.  I'm happy to expand at greater length.
23          The only thing I would note at this point is we were
24   served as nonparty.  We got nonparty discovery requests, you
25   know, basically hours or a day or so before we became a party,
```

1    so that's also an issue that needs to be fleshed out.

2           But -- but for the reasons that Mr. Johnston said and

3    others that are unique to me, you are the -- we'll need to

4    exercise our right to make appropriate objections to that

5    discovery request.

6           THE COURT:  Are you a party now?

7           MR. BROWN:  Now?  Yes.  I think we were served

8    earlier.  We're new to the dance, as the Court knows.  Today is

9    Wednesday.  I think we became a party either on Monday or

10   yesterday.  So this is all very new to us.

11          MS. CORTELL:  Your Honor, it's Nina.  It may be new

12   to New York, but the order amending was November 10th, and then

13   they immediately went into court in New York and sought to

14   pursue a subpoena there which they had now set for hearing on

15   this coming Monday.  And that's really what prompted our

16   letter, because in their papers they're saying that New York is

17   the appropriate place to litigate this, whereas we're already

18   set here on discovery that was then pending.

19          And so what we're hoping to do is set up a protocol

20   here to handle our discovery which was issued properly pursuant

21   to this Court 's October 13 order permitting discovery.

22          We acted promptly, which I think the Court would have

23   expected us to do.  The discovery is returnable as early as

24   some of it tomorrow and early next week.

25          We had asked them for confirmation if they were going

1    to comply.  We had not heard back.  And in the meantime they go

2    into court in New York and assert jurisdiction there, and

3    that's what prompted the letter.

4          So what we're here for today is to ask for a

5    protocol, if you will, for how to handle discovery, discovery

6    disputes, so that we, you know, get the discovery we're

7    entitled to under this Court's order.

8          THE COURT:  Y'all want to respond?

9          MR. BROWN:  Yes, Your Honor.  Jason Brown again.  I

10   mean, Ms. Cortel has slightly butchered the procedural history

11   here.  We had, as I think the Court knows, a prior case pending

12   in New York where actually Justice Ostrager had issued an

13   opinion rejecting one of their arguments, as Mr. Wells knows.

14   He appeared in court on that.

15         So this is not some new litigation intended to do an

16   end-run around anybody.  It was simply pursuing the motion to

17   compel that we had previously begun litigation on for a

18   subpoena that long predated any issues that Exxon raises in the

19   Texon case -- in Exxon case that has been pending now for over

20   a year on the subpoena.

21         So what we did is when we got the -- when we were

22   added as a party, we -- we wrote to Paul, Weiss and asked

23   whether they would withdraw those subpoenas since we were now a

24   party.

25         On Saturday we received the response no, and then the

 1  next thing we knew we were being scheduled for a status

 2  conference here.

 3          So I'm still a little unclear as to what is being

 4  requested, but obviously we haven't missed any deadlines yet.

 5  We are planning to participate in a way that makes the Court

 6  aware of our -- our issues.

 7          Right now, because they are styled as Rule 45

 8  nonparty discovery requests, the only court that would have

 9  jurisdiction over that dispute, because the depositions have

10  been noticed here in Manhattan, would be the Southern District

11  of New York.

12          So right now, without withdrawing their prior

13  subpoenas to us, we have no choice but to go to the Southern

14  District of New York.  Again, these are issues that perhaps,

15  know, we would have been better off discussing with Paul, Weiss

16  directly, but they requested a status conference, so here we

17  are.

18          MR. ANDERSON:  Judge, this is Justin Anderson.  May I

19  respond to a few of those points?

20          THE COURT:  Yes.

21          MR. ANDERSON:  Well, first, I would just like to say

22  Ms. Cortell did not butcher any -- any history, procedural or

23  otherwise.  The matter that was pending before the New York

24  Supreme Court had to do with a subpoena that the New York

25  Attorney General issued to PricewaterhouseCoopers.  That was

1    the subject matter of that litigation, and that is the only

2    litigation that was pending before they rushed into court on

3    Monday morning to raise the subpoena that was at issue before

4    this Court.

5          So in terms of the procedural history, it is not

6    correct to suggest that this matter was before the Court in New

7    York.  It was a separate subpoena issued to ExxonMobil's

8    auditors.

9          Second, the request on Friday to adjourn the subpoena

10   that had been issued to ExxonMobil to the New York Attorney

11   General, that request had nothing to do with the addition of

12   the New York Attorney General as a party to this action.

13         You know, the basis in the letter was that there is a

14   motion for reconsideration and a motion to dismiss pending, and

15   the New York Attorney General requested that we adjourn the

16   return date pending this Court's resolution of those motions.

17         We responded in the letter promptly that that would

18   make no sense because you ordered discovery to determine

19   whether there is jurisdiction.  So putting off discovery until

20   jurisdiction has been resolved was nonsensical.

21         Aside from -- aside from that letter, we had heard

22   nothing from either the Massachusetts Attorney General or the

23   New York Attorney General in response to the discovery request

24   that we made.

25         And we made our first set of discovery requests at

```
 1    the end of October.

 2            On October 24th we served Massachusetts.

 3            We then served New York on the 3rd of November.

 4            So this idea that we came rushing to you without

 5    giving them any time to respond, that is truly a butchering of

 6    the record.

 7            And, finally, Judge, you know, with respect to the

 8    subpoenas, if -- if -- it is correct that right now all that is

 9    pending is the third-party subpoenas, and they naturally would

10    be -- if there is a motion to quash or a motion to compel, it

11    naturally would -- would begin in the Southern District of New

12    York.  But there is a procedure for transferring jurisdiction

13    of -- of any motion to quash in connection with those subpoenas

14    to this Court.

15            And in light of the fact that those subpoenas now

16    pertain to parties to the litigation before this Court, they

17    would be -- it would be quite likely that if a motion to

18    transfer is made that those objections find their way to you.

19            THE COURT:  Well, here's -- let me -- let me begin by

20    saying, Mr. Brown, you scored some points by being -- with the

21    Court by being frank and to the point.  So I'm making you an

22    honorary, as you said, Texon.  I don't know what that is.  But

23    I'm going to make you -- I look forward to having you here

24    sometimes and I will tease you about that.  That's a good name

25    for some future company, I guess.
```

1        But, anyway, here's what I would like to do,

2  especially since I'm in this trial that may take the rest of my

3  adult days to finish, and then I have another one starting in

4  January with Facebook and a local company here, another big

5  case.

6        So what I would like to do is convert Judge Stanton

7  to a special master to deal with y'all on this so you can be

8  talking to somebody regularly.  He's my special master on this

9  case.  I have complete confidence in him.  Obviously, I need

10  y'all's permission to do that.  And you're going to -- you're

11  going to have to pay for that among yourselves.

12        But then we can get something, and you'll have

13  somebody to have my ear when my other part of me is sitting out

14  there and we can get this moving and can consider all of

15  your -- you know, your various concerns.

16        I get it.  And it's -- you know, we're getting pretty

17  close to the point of loggerheads.  And okay, that's fine.  And

18  try to figure that answer out.

19        Is that okay with the parties at this point?

20        I will make sure that he does not overcharge or

21  undercharge you, if that's okay.  I think he charges about

22  $725.00 an hour.  And, you know, that's what Johnson &

23  Johnson -- I think that's what they're paying him in here.

24        But, anyway, so that's what I would like to be able

25  to do so we can get something going on it and try to get

 1    something besides us talking on the phone and get some

 2    resolution for y'all as quickly as possible.

 3            So what about New York, Mr. Brown?

 4            MR. BROWN:  Thank you, Your Honor.  And -- and I

 5    think we all very much appreciate the spirit of that

 6    suggestion.

 7            My only concern -- and I -- you know, I know lawyers

 8    always come up with concerns.  But we -- we obviously do have a

 9    personal jurisdiction defense that we wanted to be careful not

10    to waive.

11            THE COURT:  I'm not trying to get you to waive -- I

12    don't want you to waive anything.  I'm not -- you know, yes,

13    you don't know me, but I'm not -- I'm not trying to sneak up on

14    you or anybody else.  That's not my style.  We're going to

15    fight this thing out, y'all are, one way or the other, and it's

16    not going to be based upon, you know, that sort of thing, okay?

17            I'm not -- I'm not trying to get you to do that,

18    okay?

19            This is on the record.  This is on the record.  I

20    don't know how much clearer I can be than that, okay?

21            MR. BROWN:  Okay.  Thank you, Your Honor.

22            THE COURT:  Is that okay?

23            So it's okay with you?

24            MR. BROWN:  Yeah, I mean, we haven't -- unfortunately

25    we have taxpayer money that we have to account for, but

1    conceptually I think that's fine.

2             THE COURT:  Okay.

3             MR. BROWN:  I just have to work out the mechanics of

4    how that would -- how we would be able to find funding for our

5    payment.  That's all.

6             THE COURT:  Yeah, but don't you do that now in

7    various cases?

8             MR. BROWN:  No.  Actually, no.

9             THE COURT:  You don't?

10            MR. BROWN:  I'm not looking to throw -- Your Honor,

11   I'm not looking to throw a roadblock, so let's do this issue

12   and then let the Court know.

13            THE COURT:  Well, who's -- who's paying for Marketos?

14            MR. BROWN:  Marketos, Your Honor.

15            THE COURT:  Yeah, but, I mean, he's -- you're paying

16   for him, right?

17            MR. BROWN:  Yeah.  No.  And -- we have to get to

18   several levels of authorization to do it.  So, again, Your

19   Honor, I don't mean to put a --

20            THE COURT:  And Tillotson doesn't work for free.

21   Tillotson doesn't work for free at all, because I've had him in

22   here.  He's the most expensive lawyer in Dallas.

23            MR. TILLOTSON:  I'm going to take that as a

24   compliment.

25            THE COURT:  It is a compliment.

```
 1          MR. TILLOTSON:  Have to go through a big process and
 2   approval process that we went through, so I think there's
 3   just -- they want to make sure they can -- they can fund this
 4   in a way --
 5          THE COURT:  Yeah.  Okay.  Mr. Tillotson, will you
 6   just -- just commit to me -- yeah, Mr. Tillotson, will you just
 7   commit to me you will do your best to get this done?
 8          MR. TILLOTSON:  Of course, Your Honor.  Absolutely.
 9          THE COURT:  Yeah.  Okay.  And you know -- you know
10   Judge Stanton well, correct?
11          MR. TILLOTSON:  I do, Your Honor.  I just want to
12   make sure -- he needs to clear conflicts, because obviously I
13   have had relationships with him and against him in the past, so
14   he will need to inform everyone obviously of any conflicts he
15   may have with the parties.
16          THE COURT:  Okay.
17          MR. TILLOTSON:  I have no problem with him being
18   special master.
19          THE COURT:  Yeah.  Yeah.  Okay.  Well, yeah.
20   Obviously, everybody has got to do that.
21          All right.  All right.  And then I haven't meant to
22   ignore you, Mr. Johnston.
23          MR. JOHNSTON:  I will be short, Your Honor.  I echo
24   Mr. Brown's comments.  Because it is taxpayer money I don't
25   have the authority to commit to that, so I will have to have
```

```
 1   discussions internally here.
 2           THE COURT:  Well, you did hire Mr. Cawley, correct?
 3   Is that correct?
 4           MR. JOHNSTON:  That's correct.
 5           THE COURT:  And McKool Smith is known on what I see
 6   locally as the most expensive law firm and the most
 7   successful -- one of the successful firms, I'm sure that you
 8   would agree, wouldn't you, Mr. Cawley?
 9           MR. CAWLEY:  Well, I'd agree -- I'd love to agree
10   with the second half, Your Honor.  On the first one I'd say
11   maybe we're not the most expensive after getting through
12   negotiating with the State of Massachusetts.
13           THE COURT:  Oh, I'm sorry.  But you are a very
14   successful firm and do extremely well, partner by partner,
15   correct?
16           MR. CAWLEY:  Yes, Your Honor.
17           THE COURT:  I know.
18           Okay.  So y'all work on getting that done.  Assuming
19   that you can work through whatever layers there are -- there
20   are, you'll work on that?
21           Yes?
22           MR. CAWLEY:  Absolutely.
23           THE COURT:  Who said that?
24           UNIDENTIFIED SPEAKER:  Absolutely, Your Honor.
25           THE COURT:  Who said that, for the record?
```

1          MR. CAWLEY:  This is Doug Cawley.  I'm one person who

2     said we'll work on it.

3          THE COURT:  And also, Mr. Johnston, do you, too?

4          MR. JOHNSTON:  I do.  I do, too.

5          THE COURT:  Hey, is the T silent or not in your --

6     Johnston?

7          MR. JOHNSTON:  Not the way I pronounce it, Your

8     Honor.

9          THE COURT:  Okay.  I'm working on trying to get you

10    to be a -- what did we make -- what did I make Mr. Brown?  A

11    Texon.

12         MR. BROWN:  Not a very strong --

13         THE COURT:  Texon.  A Texon.  You're next.  We're

14    going to --

15         MR. BROWN:  A Texon.

16         THE COURT:  Okay.

17         MR. JOHNSTON:  Last time you told me I was your

18    thirteenth favorite Yankee.

19         THE COURT:  That's correct.  Okay.  Well --

20         MS. CORTELL:  And, Your Honor, for the record,

21    ExxonMobil of course is agreeable, and we'll work with the

22    parties to that end.

23         THE COURT:  Oh, you were next.

24         Okay.  So y'all work on that.  And get that done in

25    the next day or two so we can get that resolved before

 1    Thanksgiving, and we can kind of get things moving, okay?

 2            And then try to set up --

 3            MR. BROWN:  Your Honor?

 4            THE COURT:  Yes, sir.

 5            MR. BROWN:  Your Honor, this is Mr. Brown here.

 6    Implicit in what you're saying, I hope, is because I think our

 7    objections -- our court filing might be due as early as

 8    tomorrow -- is that the current discovery requests are stayed

 9    pending our discussions to work with the special master?

10            THE COURT:  Well, you agree on the special master and

11    then we'll see, okay?

12            So -- all right.  That does kind of put the pressure

13    on y'all to get on it, so let me know.

14            You know what?  I have always found that what we want

15    to do or can -- we can get things done through the process of

16    whatever.  I realize there's a lot of lawyers in the attorney

17    generals' offices, but there's one at the top and can make

18    these decisions, and so y'all get that done, okay?

19            Anything else y'all want to talk to me about?

20            MS. CORTELL:  I'm assuming that there's no implied

21    stay as a result of this conference.

22            THE COURT:  I'm not staying anything.  I'm not

23    staying anything.  No.  If you want to stay, file something and

24    ask me for it, okay?

25            MS. CORTELL:  Okay.

1          THE COURT:  All right.

2          MS. CORTELL:  Thank you, Your Honor.

3          THE COURT:  All right.  Y'all --

4          MR. BROWN:  Thank you, Your Honor.

5          THE COURT:  Thank y'all.  And we'll look forward to

6   seeing y'all again soon, and have a wonderful Thanksgiving.

7          MS. CORTELL:  You, too, Your Honor.  Thank you.

8          MR. BROWN:  Thank you, Your Honor.

9          THE COURT:  Thank y'all.  Bye-bye.

10          (Hearing adjourned)

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25



1                          INDEX

2   Telephone conference..................................... 5

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

1       I, TODD ANDERSON, United States Court Reporter for the

2    United States District Court in and for the Northern District

3    of Texas, Dallas Division, hereby certify that the above and

4    foregoing contains a true and correct transcription of the

5    proceedings in the above entitled and numbered cause.

6       WITNESS MY HAND on this 17th day of November, 2016.

7

8

9
                                  /s/Todd Anderson
10                                TODD ANDERSON, RMR, CRR
                                  United States Court Reporter
11                                1100 Commerce St., Rm. 1625
                                  Dallas, Texas  75242
12                                (214) 753-2170

13

14

15

16

17

18

19

20

21

22

23

24

25