IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

|  |  |  |
|---|---|---|
| EXXON MOBIL CORPORATION, | §<br>§<br>§ |  |
| Plaintiff, | §<br>§ |  |
| v. | §<br>§ | NO. 4:16-CV-469-K |
| ERIC TRADD SCHNEIDERMAN,<br>Attorney General of New York, in his<br>official capacity, and MAURA TRACY<br>HEALEY, Attorney General of<br>Massachusetts, in her official capacity. | §<br>§<br>§<br>§<br>§<br>§ |  |
| Defendants. | §<br>§ |  |

**DEFENDANT NEW YORK ATTORNEY GENERAL'S
MOTION TO DISMISS THE FIRST AMENDED COMPLAINT**

Defendant, Eric T. Schneiderman, in his official capacity as the New York Attorney General, by and through counsel, hereby moves to dismiss this case pursuant to Rule 12(b)(1), (2), (3) and (6) of the Federal Rules of Civil Procedure.

1.  The New York Office of the Attorney General ("NYOAG") issued an investigative subpoena to Exxon Mobil Corporation ("Exxon") on November 4, 2015.  The NYOAG issued the subpoena pursuant to N.Y. Exec. Law § 63(12); N.Y. Gen. Bus. Law § 349(a), and N.Y. Gen. Bus Law § 352(1)-(2). The subpoena requested documents that would allow the NYOAG to determine whether Exxon had made false or misleading representations to consumers and investors about the impacts of climate change on Exxon's business operations and financial reporting.

2.  On November 14, 2016, following an Order granting it leave to amend, Exxon served the NYOAG with a First Amended Complaint naming NYOAG as a defendant and asserting claims

against the NYOAG that the subpoena violated Exxon's constitutional rights, was preempted by federal law, and violated Texas law.

3.   This Court should dismiss this case for several reasons.

4.   *First*, this Court lacks personal jurisdiction over the New York State Attorney General in his official capacity. *See Stroman Realty, Inc. v. Wercinski*, 513 F.3d 476, 482 (5th Cir. 2008)

5.   *Second*, the Northern District of Texas is an improper venue because the events underlying Exxon's claims against the NYOAG occurred in New York.

6.   *Third*, Exxon suffers no cognizable injury from the subpoena. *See Google, Inc. v. Hood*, 822 F.3d 212 (5th Cir. 2016).

7.   *Fourth*, this Court lacks subject matter jurisdiction because abstention based on *Younger v. Harris*, 401 U.S. 37 (1971), is warranted here.

8.   *Finally*, the Court should dismiss this case under Rule 12(b)(6) because the First Amended Complaint does not satisfy the minimum pleading standards of Rule 8(a)(2) by failing to state plausible grounds for relief. *See Ashcroft v. Iqbal*, 556 U.S. 662 (2009).

## **<u>PRAYER</u>**

For these reasons and those set out in the Memorandum of Law in Support of Defendant New York Attorney General's Motion to Dismiss the First Amended Complaint, the Court should DISMISS Exxon's First Amended Complaint as to the New York Attorney General with prejudice.

Respectfully submitted,

ERIC T. SCHNEIDERMAN
Attorney General of New York

By his attorneys:

Jason Brown*
*Chief Deputy Attorney General*
Roderick L. Arz (*pro hac vice*)
*Assistant Attorney General*
Eric Del Pozo*
*Assistant Solicitor General*
NEW YORK STATE OFFICE OF THE
ATTORNEY GENERAL
120 Broadway, 25th Floor
New York, NY 10271
212-416-8085

*pro hac vice application forthcoming*

_s/ Pete Marketos_
Pete Marketos
Lead Attorney
Texas State Bar No. 24013101
pete.marketos@rgmfirm.com
Tyler J Bexley
Texas State Bar No. 24073923
tyler.bexley@rgmfirm.com
REESE GORDON MARKETOS LLP
750 N. Saint Paul St. Suite 610
Dallas, TX 75201
(214) 382-9810
Fax: (214) 501-0731

Jeffrey M. Tillotson, P.C.
Texas Bar No. 20039200
jtillotson@TillotsonLaw.com
TILLOTSON LAW
750 N. Saint Paul Street, Suite 610
Dallas, Texas 75201
Telephone: (214) 382-3041
Facsimile: (214) 501-0731

Dated: December 5, 2016

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that, on December 5, 2016, all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system. Any other counsel of record will be served in accordance with the Federal Rules of Civil Procedure.

_s/ Pete Marketos_
Pete Marketos