IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| EXXON MOBIL CORPORATION, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 4:16-CV-469-K |
| ) | |
| ERIC TRADD SCHNEIDERMAN, ) | |
| Attorney General of New York, in his official ) | |
| capacity, and MAURA TRACY HEALEY, ) | |
| Attorney General of Massachusetts, in her ) | |
| official capacity, ) | |
| ) | |
| Defendants. ) | |
| ) | |

**ATTORNEY GENERAL HEALEY'S MOTION FOR
A STAY PENDING APPELLATE REVIEW AND POINTS
AND AUTHORITIES IN SUPPORT OF THE REQUEST**

Attorney General Maura Healey respectfully moves for a stay of all discovery, including the Jurisdictional Discovery Order (Doc. No. 73) and the Deposition Order (Doc. No. 117), pending appellate review of those Orders by the U.S. Court of Appeals for the Fifth Circuit. In support of this motion, the Attorney General states as follows:

1. On October 20, 2016, the Attorney General moved for reconsideration of the Jurisdictional Discovery Order. Doc. No. 78. On November 26, 2016, the Attorney General moved to vacate the Deposition Order, stay discovery until this Court resolves the Attorney General's November 28, 2016 motion to dismiss the First Amended Complaint (Doc. No. 124) and any other motion to dismiss that may be filed, and issue a protective order prohibiting the deposition of the Attorney General. Doc. No. 120. On December 5, 2016, the Court denied both motions. Doc. No. 131. In the Deposition Order, the Court, however, expressed a willingness to

be flexible about the December 13 deposition date, Doc. No. 117, at 2, and the Attorney General hopes that expressed flexibility will bear on this Motion as well. *In re Ramu Corp.*, 903 F.2d 312, 318 (5th Cir. 1990) (a district court has "general discretionary power to stay proceedings before it in control of its docket and in the interests of justice.").

    2.    As Attorney General Healey has argued in prior motions, this Court's decision to order discovery by Exxon into her investigation and to require her to appear for deposition in Dallas, all based on a rarely allowed exception to the *Younger* abstention doctrine, constitute an abuse of discretion, especially where the Court lacks any basis for jurisdiction over the Attorney General at all. *Stroman Realty, Inc. v. Wercinski*, 513 F.3d 476 (5th Cir. 2008); *see also Google, Inc. v. Hood*, 822 F.3d 212 (5th Cir. 2016). Indeed, the Court has turned *Younger*, a case founded on respect and deference to State interests, into a weapon against them.[1] For these reasons, among others, the Attorney General intends to file a petition for a writ of mandamus in the U.S. Court of Appeals for the Fifth Circuit on December 8, 2016 seeking appellate review of the Court's Orders. *E.g.*, *In re FDIC*, 58 F.3d 1055, 1060 (5th Cir. 1995) (granting petition for mandamus preventing deposition of high level government official); *In re Office of Inspector General*, 933 F.2d 276, 277-78 (5th Cir. 1991) (granting mandamus petition to stay pre-enforcement challenge to administrative subpoena and related discovery, pending resolution of action by government for enforcement of administrative subpoena).

---

[1] Exxon contends that it is continuing to "fully comply[] with its obligations with regard to the [New York Attorney General's similar] Subpoena." Ltr. from Daniel J. Toal, Esq. Paul, Weiss, Rifkind, Wharton & Garrison LLP (counsel for Exxon), to the Honorable Barry R. Ostrager, Supreme Court of the State of New York, re: *In re Application of the People of the State of New York, by Eric T. Scheiderman, Index No. 451962/2016* (Dec. 5, 2016), https://iapps.courts.state.ny.us/fbem/DocumentDisplayServlet?documentId=2FaesxJlrCNjivZ2fjnM8A==&system=prod (last visited Dec. 5, 2016).

3. The Attorney General's request satisfies the four criteria for issuance of a stay pending further appellate review. *Nken v. Holder*, 556 U.S. 418, 425-26 (2009). First, the Attorney General is likely to succeed on the merits because the Court's Jurisdictional and Deposition Orders constitute a clear abuse of discretion, especially where, as in *Stroman*, it is "unclear" why the Court will not rule on the other grounds for dismissal before subjecting the Attorney General to an unprecedented invasion of her prosecutorial decisionmaking process. 513 F.3d at 482. Second, the Attorney General will suffer irreparable harm if she is forced put aside her job as chief law officer of Massachusetts to prepare for and travel to Texas to take part in an extraordinary fishing expedition into the origins of her investigation (all protected by various privileges) or face potential sanctions from this Court for failing to appear at all. Finally, a stay will not harm Exxon at all for the reasons the Attorney General expressed in her opposition to Exxon's preliminary injunction motion, including the fact that the investigation is on hold while Massachusetts courts decide the enforceability of the civil investigative demand to Exxon, *see* Doc. No. 43, at 13-16, and a stay will serve the public interest by, among other things, promoting judicial economy, preserving the parties' resources, and maintaining the status quo.

4. The Attorney General thus requests that this Court exercise its authority to stay all discovery in this action pending appellate review in the U.S. Court of Appeals for the Fifth Circuit. "[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes of its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254-55 (1936). The resolution of the Attorney General's mandamus petition will determine, at a minimum, whether any discovery is appropriate, and this Court and the parties will thus benefit from the resolution of that appeal

3

before any discovery proceeds. In addition, the Fifth Circuit has made clear that in these circumstances that high level government officials should not have to "incur a contempt sanction" prior to seeking a writ of mandamus, and this Court should thus stay this action so as not to force the Attorney General into that untenable position. *See In re FDIC*, 58 F.3d at 1060 n.7. Accordingly, a stay would advance the interests of judicial economy and prevent the expenditure of time and resources until it is clear what further proceedings may be necessary.

## PRAYER

For the foregoing reasons, and for good cause shown, the Attorney General respectfully requests that the Court grant this motion and enter the proposed order staying all discovery pending a ruling from the U.S. Court of Appeals for the Fifth Circuit on the Attorney General's forthcoming petition for a writ of mandamus.

Respectfully submitted,

MAURA HEALEY
ATTORNEY GENERAL OF
MASSACHUSETTS

By her attorneys:

|  |  |
|---|---|
| | *s/ Douglas A. Cawley* |
| Richard Johnston (*pro hac vice*) | Douglas A. Cawley |
| Chief Legal Counsel | Lead Attorney |
| richard.johnston@state.ma.us | Texas State Bar No. 04035500 |
| Melissa A. Hoffer (*pro hac vice*) | dcawley@mckoolsmith.com |
| Chief, Energy and Environment Bureau | Richard A. Kamprath |
| melissa.hoffer@state.ma.us | Texas State Bar No. 24078767 |
| Christophe G. Courchesne (*pro hac vice*) | rkamprath@mckoolsmith.com |
| Chief, Environmental Protection Division | MCKOOL SMITH, P.C. |
| christophe.courchesne@state.ma.us | 300 Crescent Court, Suite 1500 |
| I. Andrew Goldberg (*pro hac vice*) | Dallas, Texas 75201 |
| andy.goldberg@state.ma.us | (214) 978-4000 |
| Peter C. Mulcahy (*pro hac vice*) | Fax (214) 978-4044 |
| peter.mulcahy@state.ma.us | |
| Assistant Attorneys General | |
| OFFICE OF THE ATTORNEY GENERAL | |
| One Ashburton Place, 18th Floor | |
| Boston, MA 02108 | |
| (617) 727-2200 | |

Dated: December 6, 2016

# CERTIFICATE OF SERVICE

    The undersigned hereby certifies that on December 6, 2016, all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system. Any other counsel of record will be served in accordance with the Federal Rules of Civil Procedure.

*s/ Douglas A. Cawley*
Douglas A. Cawley

5

**L.R. 7.1 CERTIFICATE OF CONFERENCE**

On December 6, 2016, Melissa Hoffer conferred by phone with Justin Anderson, an attorney representing Exxon Mobil Corporation in this action, and advised him that Attorney General Healey would be filing a motion to stay discovery pending appellate review by the U.S. Court of Appeals for the Fifth Circuit on December 6, 2016. Counsel for Exxon does not consent to the relief sought in the motion.

*s/ Douglas A. Cawley*
Douglas A. Cawley