IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| EXXON MOBIL CORPORATION, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | |
| | § | |
| ERIC TRADD SCHNEIDERMAN, | § | NO. 4:16-CV-469-K |
| Attorney General of New York, in his | § | |
| official capacity, and MAURA TRACY | § | |
| HEALEY, Attorney General of | § | |
| Massachusetts, in her official capacity, | § | |
| | § | |
| Defendants. | § | |

# EXXON MOBIL CORPORATION'S OPPOSITION TO
# DEFENDANT HEALEY'S MOTION FOR STAY PENDING APPELLATE REVIEW

Patrick J. Conlon (*pro hac vice*)
Daniel E. Bolia
EXXON MOBIL CORPORATION
1301 Fannin Street
Houston, TX 77002
Tel: (832) 624-6336

Theodore V. Wells, Jr. (*pro hac vice*)
Michele Hirshman (*pro hac vice*)
Daniel J. Toal (*pro hac vice*)
Justin Anderson (*pro hac vice*)
PAUL, WEISS, RIFKIND,
WHARTON & GARRISON LLP
1285 Avenue of the Americas
New York, NY 10019-6064
Tel: (212) 373-3000
Fax: (212) 757-3990

Ralph H. Duggins
Philip A. Vickers
Alix D. Allison
CANTEY HANGER LLP
600 W. 6th St. #300
Fort Worth, TX 76102
Tel: (817) 877-2800
Fax: (817) 877-2807

Nina Cortell
HAYNES & BOONE, LLP
2323 Victory Avenue
Suite 700
Dallas, TX 75219
Tel: (214) 651-5579
Fax: (214) 200-0411

*Counsel for Exxon Mobil Corporation*

Exxon Mobil Corporation ("ExxonMobil") respectfully submits this brief in opposition to Defendant Maura Tracy Healey's motion for a stay pending appellate review (Dkt. 140).

## SUMMARY

The Court should deny Attorney General Healey's motion for stay—which simply recycles previously rejected arguments.

The Court is already familiar with Attorney General Healey's arguments for avoiding jurisdictional discovery, having rejected them three times. In a motion to stay, it is Healey's burden to establish a likelihood of success. That burden is heightened by the rigorous standard for obtaining a writ of mandamus, a "'drastic and extraordinary' remedy 'reserved for really extraordinary causes.'" *Cheney v. U.S. Dist. Court for D.C.*, 542 U.S. 367, 380 (2004). Moreover, the central argument of her anticipated mandamus petition—that this Court was required to take up her personal jurisdiction challenge before her *Younger* abstention argument—is particularly unsuitable for mandamus relief. The United States Supreme Court has held that a district court has discretion in choosing the sequence in which it addresses jurisdictional and justiciability challenges, and that, where matters are committed to the district court's discretion, "it cannot be said that a litigant's right to a particular result is 'clear and indisputable,'" as required for the issuance of mandamus relief. *Allied Chem. Corp. v. Daiflon*, 449 U.S. 33, 36 (1980) (per curiam).

Attorney General Healey also has failed to establish irreparable injury. Her busy schedule does not suffice, when she has ignored the Court's offer to schedule the deposition on a convenient day, and has maintained a blanket refusal to respond to *any* of ExxonMobil's discovery requests. If she has pursued her investigation of ExxonMobil in good faith as she claims, she should fear no injury from her testimony.

1

## ARGUMENT

I. **The Applicable Legal Standard**

A stay pending appeal is an "extraordinary remedy." *Belcher v. Birmingham Trust Nat'l Bank*, 395 F.2d 685, 685-86 (5th Cir. 1968). It is "an 'intrusion into the ordinary processes of administration and judicial review,' and accordingly 'is not a matter of right, even if irreparable injury might otherwise result to the appellant.'" *Nken v. Holder*, 556 U.S. 418, 427 (2009) (citations omitted).

This Court must consider the following factors in evaluating a motion for stay pending appeal: "(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies." *Id.* at 425-26; *Texas v. United States*, 787 F.3d 733, 746-47 (5th Cir. 2015).

The movant bears the burden of proof on all four factors. *Nken*, 556 U.S. at 433-34; *Moore v. Tangipahoa Parish Sch. Bd.*, 507 F. App'x 389, 392 (5th Cir. 2013) (citing *Ruiz v. Estelle*, 666 F.2d 854, 856 (5th Cir. 1982)). "The first two factors . . . are the most critical." *Veasey v. Perry*, 769 F.3d 890, 892 (5th Cir. 2014) (quoting *Nken*, 556 U.S. at 434); *see also Moore*, 507 F. App'x at 399 (explaining that the first two factors "are the most important" and the last two factors "are less significant").

II. **Attorney General Healey Failed to Demonstrate a Likelihood of Success on the Merits.**

Meeting the first prong for a stay—"a strong showing" of a likelihood of success on the merits—is challenging enough in a standard appeal. It is far more challenging in the mandamus context because of the demanding legal requirements for mandamus relief, as evidenced by the infrequency with which such relief is granted.

A writ of mandamus is a "'drastic and extraordinary' remedy 'reserved for really extraordinary causes,'" *Cheney*, 542 U.S. at 380, and will issue only to correct "clear abuses of discretion that produce patently erroneous results." *In re Lloyd's Register N. Am., Inc.*, 780 F.3d 283, 290 (5th Cir. 2015), *cert. denied sub nom. Pearl Seas Cruises, LLC v. Lloyd's Register N. Am., Inc.*, 136 S. Ct. 64 (2015) (citation omitted). In light of this rigorous standard, it is not surprising that the Fifth Circuit reports a zero percent reversal rate in original proceedings for the year ended June 30, 2016. *See* Fifth Circuit Statistical Snapshot, *available at* http://www.ca5.uscourts.gov/docs/default-source/default-document-library/statistical-snapshot-6-30-16.pdf?sfvrsn=4.

The parties have already extensively briefed the propriety of the Court's discovery orders, so ExxonMobil will not repeat that briefing here. Instead, ExxonMobil makes the additional point that Attorney General Healey's central argument—that this Court must take up her personal jurisdiction challenge before *Younger* abstention—is particularly unsuitable for mandamus relief. That is because the United States Supreme Court and this Court have repeatedly made clear that a district court has discretion to decide the sequence in which to approach threshold challenges to jurisdiction and justiciability. *See Sinochem Int'l Co. v. Malaysia Int'l Shipping Corp.*, 549 U.S. 422, 431 (2007) (holding that "a federal court has leeway 'to choose among threshold grounds'" when considering whether to dismiss a complaint) (citation omitted)); *Ruhrgas AG v. Marathon Oil*, 526 U.S. 574, 578 (1999) ("there is no unyielding jurisdictional hierarchy"); *see also Wellogix, Inc. v. SAP Am., Inc.*, 648 F. App'x 398, 400 (5th Cir. 2016) (addressing the prudential doctrine of *forum non conveniens* before a jurisdictional question).

This "leeway" and "discretion" provided to district courts should prove fatal to Attorney General Healey's anticipated mandamus petition, because "[w]here a matter is committed to

3

discretion, it cannot be said that a litigant's right to a particular result is 'clear and indisputable,'" as required for the issuance of a writ of mandamus. *Allied Chem. Corp.*, 449 U.S. at 36. Because Attorney General Healey fails to show that she is likely to obtain such a writ, a stay is improper.

**III.   Attorney General Healey Failed to Demonstrate an Irreparable Injury.**

Attorney General Healey contends that she will be irreparably injured if she is "forced to put aside her job as chief law officer of Massachusetts to prepare for and travel to Texas" for a deposition. (Dkt. 140 at 3.) But what is at issue here is her blanket refusal to respond to *any* discovery—a lack of cooperation that cannot be blamed on her busy schedule. Moreover, the deposition would likely be completed in a day and the document requests have been narrowly framed—hardly the stuff of "irreparable injury." Moreover, this Court indicated that it was "mindful of the busy schedule" of Attorney General Healey and thus offered to adjust the date for the deposition (Dkt. 117)—an offer she ignored altogether.

Furthermore, if, as she says, she has pursued this investigation of ExxonMobil in good faith, she should easily be able to answer questions relating to her jurisdictional challenges and fear no repercussions or injury from her testimony. Attorney General Healey started this controversy when she sent ExxonMobil the sweeping civil investigative demand, and cannot now claim that she would be irreparably injured by being required to answer questions relating to a jurisdictional challenge that she herself raised.

**IV.   The Remaining Factors Do Not Support a Stay.**

The foregoing explication of the first two stay factors—which are the most "critical"— alone defeats Healey's request for a stay. A review of the last two stay factors (substantial injury to ExxonMobil and the public interest) leads to the same conclusion.

Healey argues that there will be no substantial injury to ExxonMobil because her investigation is "on hold" while the Massachusetts court reviews the pending objections to her

4

civil investigative demand. But that response is no response. The referenced state court action is pending because Healey's investigation *is* ongoing, and, as such, continues to violate ExxonMobil's constitutional rights in a forum that lacks jurisdiction. (*See, e.g.,* Dkt. 9 at 19-20, 24-25; Dkt. 60, at 5-6, 16, 21-22.) Healey's final argument that the public interest favors a stay also suffers from a false premise. She contends that a stay will result in judicial economy and preservation of resources, but just the opposite is true. It is the denial of a stay and the taking of discovery that will allow the Court to rule on Healey's own motions to this Court and permit this proceeding—which seeks to enjoin Healey's improper use of government power—to move forward in an expeditious manner. The stay sought by Healey will only yield unnecessary and costly delay.

## CONCLUSION

Attorney General Healey has completely failed to meet her burden. She has not "made a strong showing that she is likely to succeed on the merits" or that she "will be irreparably injured absent a stay." On the other hand, the issuance of her requested stay would substantially injure ExxonMobil and frustrate the public's interest in ensuring the proper exercise of government power. Healey's motion for stay pending appeal should therefore be denied.

Dated:  December 7, 2016

EXXON MOBIL CORPORATION

By:  /s/ Patrick J. Conlon
Patrick J. Conlon
*pro hac vice*
State Bar No. 24054300
Daniel E. Bolia
State Bar No. 24064919
daniel.e.bolia@exxonmobil.com
1301 Fannin Street
Houston, TX 77002
(832) 624-6336

/s/ Nina Cortell
Nina Cortell
State Bar No. 04844500
nina.cortell@haynesboone.com
HAYNES & BOONE, LLP
2323 Victory Avenue
Suite 700
Dallas, TX 75219
(214) 651-5579
Fax: (214) 200-0411

/s/ Theodore V. Wells, Jr.
Theodore V. Wells, Jr.
*pro hac vice*
twells@paulweiss.com
Michele Hirshman
*pro hac vice*
mhirshman@paulweiss.com
Daniel J. Toal
*pro hac vice*
dtoal@paulweiss.com
PAUL, WEISS, RIFKIND, WHARTON &
GARRISON, LLP
1285 Avenue of the Americas
New York, NY  10019-6064
(212) 373-3000
Fax: (212) 757-3990

Justin Anderson
*pro hac vice*
janderson@paulweiss.com
2001 K Street, NW
Washington, D.C.  20006-1047
(202) 223-7300
Fax: (202) 223-7420

*Counsel for Exxon Mobil Corporation*

/s/ Ralph H. Duggins
Ralph H. Duggins
State Bar No. 06183700
rduggins@canteyhanger.com
Philip A. Vickers
State Bar No. 24051699
pvickers@canteyhanger.com
Alix D. Allison
State Bar. No. 24086261
aallison@canteyhanger.com
CANTEY HANGER LLP
600 West 6th Street, Suite 300
Fort Worth, TX 76102
(817) 877-2800
Fax: (817) 877-2807

6

## **CERTIFICATE OF SERVICE**

      This is to certify that on this 7th day of December 2016, a true and correct copy of the foregoing document was filed electronically via the CM/ECF system, which gave notice to all counsel of record pursuant to Local Rule 5.1(d).

                                  /s/ Nina Cortell  
                                  NINA CORTELL