IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| EXXON MOBIL CORPORATION, | § § § | |
| Plaintiff, | § § | |
| v. | § § § | NO. 4:16-CV-469-K |
| ERIC TRADD SCHNEIDERMAN, Attorney General of New York, in his official capacity, and MAURA TRACY HEALEY, Attorney General of Massachusetts, in her official capacity. | § § § § § § § | |
| Defendants. | § § § | |

**MEMORANDUM OF LAW IN SUPPORT OF THE NEW YORK ATTORNEY GENERAL'S MOTION TO STAY DISCOVERY PENDING APPELLATE REVIEW**

Defendant, Eric T. Schneiderman, in his official capacity as the New York Attorney General, by and through counsel, hereby moves for a stay of all discovery in this action, including discovery purportedly sought pursuant to the Discovery Order [Dkt. 73], the Deposition Order [Dkt. 117], and the Order denying the Motion to Quash and for a Protective Order [Dkt. 152], pending appellate review of those Orders by the U.S. Court of Appeals for the Fifth Circuit.  The New York Office of the Attorney General ("NYOAG") anticipates filing its petition for mandamus on December 12, 2016, and this Court should thus stay all discovery while that petition is briefed and decided.  In the alternative, the Court should adjourn the deadlines for the current discovery to permit the NYOAG to avoid irreparable harm while it requests a stay from the Fifth Circuit.

## BACKGROUND

On October 13, 2016, this Court issued an order that permitted discovery regarding the alleged bad faith of the Massachusetts Attorney General in issuing a Civil Investigative Demand to plaintiff ExxonMobil Corp. ("Exxon"), so as to aid the Court in determining whether it should abstain from hearing the claims against the Massachusetts Attorney General under *Younger v. Harris*, 401 U.S. 37 (1971). [Dkt. 73], N.Y. App. 305-10.[1]  At that time, the NYOAG was not a party to this action. Four days later–on October 17, 2016–Exxon moved for leave to file an amended complaint adding the NYOAG as a defendant. [Dkt. 74], N.Y. App. 312-16.

On November 4, 2016, without leave of court, Exxon served the NYOAG with third-party subpoenas under Rule 45, seeking to take the deposition of AG Schneiderman as well as two members of his senior staff, the Deputy Bureau Chief and Bureau Chief of the NYOAG's

---

[1] References to "N.Y. App." are to the exhibits attached to the Appendix in Support of the NYOAG's Motion to Dismiss and Motion to Quash and for a Protective Order [Dkt. 137].

Environmental Protection Bureau, and production of numerous categories of documents. N.Y. App. 477-509.

On November 10, 2016, this Court granted Exxon's motion for leave to amend and Exxon filed an amended complaint. [Dkt. 99, 100], N.Y. App. 2-50. On November 16, 2016, without leave of court, Exxon served the NYOAG with extensive pre-answer discovery ("the Discovery Requests"). N.Y. App. 528-80. The Discovery Requests include deposition notices for AG Schneiderman and the two officials who had previously received Rule 45 subpoenas. N.Y. App. 530-35. They include the same thirty document requests that Exxon had previously served under Rule 45, and also include thirty-three requests for admission and twenty-four interrogatories. N.Y. App. 536-80.   On November 17, 2016, this Court issued an Order advising Attorney General Schneiderman to "be available on December 13, 2016 in Dallas, Texas," and that the Court "will enter an Order regarding Attorney General Schneiderman's deposition after he files his answer in this matter." [Dkt. 117] Exxon then rescheduled depositions of the Deputy Bureau Chief and Bureau Chief of the Environmental Protection Bureau, to December 9 and 12, respectively. N.Y. App. 585-86. Exxon has not withdrawn its written discovery demands, which are due on December 16, 2016, and only belatedly withdrew its deposition notice of the Attorney General. N.Y. App. 592.

On December 5, 2016, the NYOAG made a timely motion to dismiss under Rule 12(b), raising as grounds for dismissal: (1) that this Court lacks personal jurisdiction over the NYOAG; (2) that venue in the Northern District of Texas is improper; (3) that Exxon's claims regarding the NYOAG's investigative subpoena are not ripe for federal review under *Google, Inc. v. Hood*, 822 F.3d 212 (5th Cir. 2016); (4) that this Court should abstain under the *Younger* doctrine because of an ongoing proceeding in New York state court brought by the NYOAG to compel

Exxon's compliance with the investigative subpoena in which Exxon can raise all of the federal constitutional and preemption claims that its brings in this action; (5) that all of Exxon's federal claims fail to state a plausible claim for relief; and (6) that Exxon's state-law claims are barred by sovereign immunity. [Dkt. 134] Exxon's opposition to the motion to dismiss is currently due December 27, 2016. *See* LR 7.1(e).

Also on December 5, 2016, the NYOAG moved to quash and for a protective order regarding Exxon's discovery requests on the grounds that: (1) discovery is not necessary to resolve the NYOAG's motion to dismiss because dismissal is plainly warranted in light of the lack of personal jurisdiction over the NYOAG and lack of ripeness of Exxon's claims; (2) the discovery requests were issued without leave of court in violation of Rule 26(d); and (3) the discovery requests seek privileged, protected testimony ("the Motion to Quash" or "Mtn. to Quash Br."). [Dkt. 136] Following a *sua sponte* order expediting the briefing [Dkt. 139], the motion to quash was fully briefed as of December 8, 2016, at 5:00 p.m. C.S.T. [Dkt. 144, 150] On December 9, 2016, at 2:22 p.m. C.S.T., this Court denied the Motion to Quash. [Dkt. 152]

## **ARGUMENT**

The NYOAG respectfully asks this Court to exercise its inherent authority to stay all discovery against the NYOAG pending immediate appellate review in the U.S. Court of Appeals for the Fifth Circuit, via a mandamus petition, of the discovery orders and the denial of the motion to quash. "[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes of its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254-55 (1936). Awaiting the Fifth Circuit's decision will permit determination of whether this Court must first address the NYOAG's objection to personal jurisdiction before authorizing expedited discovery

on *Younger* abstention, *see Sinochem Int'l Co. v. Malaysia Int'l Shipping Corp.*, 549 U.S. 422, 431 (2007), and whether–under the circumstances here *as they relate to the NYOAG*–any expedited discovery on *Younger* abstention is necessary in any event. These questions should be answered before the State of New York's interest in an ongoing state law enforcement investigation is irreparably harmed by the NYOAG having to respond to discovery that even Exxon admits is plainly directed at the heart of its investigative theories and deliberative processes.  Moreover, a state attorney general and his staff should not have to "incur a contempt sanction" from a federal district court prior to seeking a writ of mandamus regarding their depositions by the very subject of the ongoing state investigation. *See In re FDIC*, 58 F.3d at 1060 n.7. Finally, Exxon can show no need for urgency with respect to its discovery; it only brought suit against the NYOAG nearly a year after the NYOAG issued the subpoena and after Exxon produced over one million pages of documents.

The NYOAG's request satisfies the four traditional factors for issuance of a stay pending further appellate review: (1) whether the stay applicant has made a strong showing that it is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) whether the stay is in the public interest.  *Nken v. Holder*, 556 U.S. 418, 434 (2009) (quoting *Hilton v. Braunskill*, 481 U.S. 770, 777 (1987)); *Planned Parenthood of Greater Tex. Surgical Health Servs. v. Abbott*, 734 F.3d 406, 410 (5th Cir. 2013).

*First*, the NYOAG is likely to succeed on the merits because the Fifth Circuit's decisions in *Stroman Realty, Inc. v. Wercinski*, 513 F.3d 476, 482 (5th Cir. 2008), and *Google*, 822 F.3d 212, 224-26, require dismissal of this case at the threshold—making any discovery improper—and because the NYOAG has no other legal remedy. *See In re United States*, 397 F.3d 274, 282 (5th

Cir. 2005) (per curiam). Mandamus is further appropriate here because the NYOAG only filed its motion to dismiss and motion to quash and for a protective order *four* days ago (Exxon has not yet responded to the motion to dismiss), which the Court denied without providing any reasoning, hence this is not a case where the Court of Appeals will have less familiarity with the defenses raised by the NYOAG than the district court. *In re Ramu Corp.*, 903 F.2d 312, 318 (5th Cir. 1990) ("Because the district court has made no findings and held no hearing, it can lay claim to no greater familiarity with the matter than can be gleaned from the pleadings.")

As set forth in the NYOAG's motion to quash, it is error for this Court to permit Exxon to use jurisdictional discovery to obtain the basis for the NYOAG's ongoing investigation of Exxon where, as here, there are numerous threshold grounds for dismissal that can be addressed prior to any discovery, including lack of personal jurisdiction, improper venue, and failure to present the Court with an injury that is ripe for federal review.   Mtn. to Quash Br. at 11-17. NYOAG's grounds for quashing the discovery requests are substantial and grounded in fundamental concerns for federalism, comity, and due process. *Id.* This Court should address the NYOAG's threshold procedural defenses prior to even getting to *Younger* abstention, especially if the Court determines that *Younger* abstention requires extensive discovery that overlaps with discovery on the merits.

The Supreme Court instructs district courts to determine the sequence of threshold objections in whichever order best balances concerns for federalism, judicial economy, and restraint. Here, these fundamental values not only permit the Court to consider NYOAG's threshold defenses in advance of any discovery, but in fact *compel* it to do so. The NYOAG's three threshold grounds are all firmly rooted in binding Supreme Court and Fifth Circuit precedent. *See Stroman Realty, Inc. v. Wercinski*, 513 F.3d 476, 482 (5th Cir. 2008) (due process does not permit a Texas federal

court from exercising personal jurisdiction over a out-of-state official sued in his official capacity for actions to enforce that state's laws); *Leroy v. Great W. United Corp.*, 443 U.S. 173, 183-84 (1979) (holding the venue in the Northern District of Texas was improper because the "convenience" to a plaintiff of suing several state officials in "a single action" in "one place" is not relevant); *Google*, 822 F.3d at 224-26 (investigative subpoena does not create an injury that is ripe for federal review).

There is no indication that this Court has fully considered these grounds for dismissal as they apply to the NYOAG and its Subpoena given that the NYOAG first raised them *four* days ago in its motion to dismiss, which has yet to be opposed or decided. [Dkt. 134, 152] Side-stepping these procedural defenses and permitting intrusive jurisdictional discovery that is both unnecessary and inextricably tied to the merits would improperly head to "an adjudication of the cause," *Sinochem Int'l*, 549 U.S. at 431. Compounding this error, Exxon's own undisputed conduct prevents it from invoking the *Younger* bad faith exception in this case, without the need for any discovery and certainly without the need to subject the Attorney General of New York to an unprecedented invasion of his investigative decision-making process. Mtn. to Quash Br. at 13-18. The NYOAG clearly has established a likelihood of success on the merits.

*Second*, the NYOAG will suffer irreparable harm if Exxon, the subject of an ongoing law enforcement investigation, is permitted to invade and discover the investigative theories and focus of the NYOAG. It is plain from the face of its written discovery requests that Exxon is seeking a roadmap to NYOAG's investigation—by requesting information about the focus and theories of the investigation, the evidence that NYOAG has collected, its legal interpretation of that evidence, and the internal and external persons, including confidential informants and witnesses, who have played a role in the investigation. Mtn. to Quash Br. at 19-22. Absent truly

exceptional circumstances not present here, opposing counsel should not be subject to deposition due to the inherent risk of disruption of the investigation process, interference in the attorney-client relationship, and the inevitability that such depositions will be bedeviled with disputes over privilege and work product. *Id.*; *see also Shelton v. Am. Motors Corp.,* 805 F.2d 1323, 1327 (8th Cir. 1986). The NYOAG is also irreparably harmed by AG Schneiderman being forced to travel to Texas and prepare for a deposition about official actions by his office and the basis for its investigation.  The additional discovery, including depositions of senior staff, imposes undue burden and expense as well.

A later ruling that, for example, this Court lacks personal jurisdiction will not cure the harm that the NYOAG will immediately suffer if faced with the choice between facing sanctions from this Court or submitting to an unprecedented invasion of its protected deliberative and investigative process.  Moreover, because an instrumentality of a State is the appealing party, its interest and harm merge with that of the public. *Planned Parenthood*, 734 F.3d at 419. A stay will further serve the public interest by, among other things, promoting judicial economy, preserving the parties' resources, and maintaining the status quo.   The NYOAG has the obligation to investigate potential violations of New York laws protecting consumers and investors.  Damaging such an investigation harms the interests of the State of New York and its citizens.

*Finally*, a stay will not harm Exxon at all.  Exxon never sought leave to serve expedited discovery on the NYOAG, and has not yet raised–let alone justified–the narrow bad faith exception to *Younger* abstention as applied to the NYOAG or the New York state court proceeding.  Mtn. to Quash Br. at 13-18.  Exxon can, moreover, show no need for urgency with respect to its discovery given that it only chose to sue the NYOAG nearly a year after the

NYOAG issued the Subpoena and after Exxon produced over one million pages of documents. Exxon recently informed the New York state court that it was agreeing to produce additional documents and would complete its production by January 31, 2017.  N.Y. App. 230.  Exxon can hardly claim that it will suffer any harm by permitting this Court to fully consider and rule on the NYOAG's motion to dismiss, which was filed only four days ago and to which Exxon has yet to respond.

In the alternative, this Court should at least adjourn the deadlines for the current discovery to permit the NYOAG to avoid irreparable harm while the NYOAG requests a stay from the Fifth Circuit.  In the Deposition Order, the Court expressed that it understood some flexibility might be in order as to the date of any deposition.  [Dkt. 117] Although the NYOAG did not request an adjournment of the December 13 date, relying on its motion to quash and the fact that the Court had not yet ordered the deposition of the New York Attorney General, it respectfully asks that, as an alternative to granting the requested stay, the Court adjourn the imminent deposition dates and discovery deadlines.

## CONCLUSION

For the foregoing reasons, and for those stated in the NYOAG's Motion to Quash, the Court should stay all discovery pending appellate review by the U.S. Court of Appeals for the Fifth Circuit, together with such other relief as the Court may order

Respectfully submitted,

Eric T. Schneiderman
Attorney General of New York

By his attorneys:

_s/ Pete Marketos_____

Jason Brown*
*Chief Deputy Attorney General*
Leslie B. Dubeck (pro hac vice)
*Counsel to the Attorney General*
Roderick L. Arz (pro hac vice)
*Assistant Attorney General*
NEW YORK STATE OFFICE OF THE
  ATTORNEY GENERAL
120 Broadway, 25th Floor
New York, New York 10271
212-416-8085

*pro hac vice application pending

Pete Marketos
Lead Attorney
Texas State Bar No. 24013101
pete.marketos@rgmfirm.com
Tyler J. Bexley
Texas State Bar No. 24073923
tyler.bexley@rgmfirm.com
REESE GORDON MARKETOS LLP
750 N. Saint Paul St. Suite 610
Dallas, Texas 75201
(214) 382-9810
Fax: (214) 501-0731

Jeffrey M. Tillotson
Texas Bar No. 20039200
TILLOTSON LAW FIRM
750 N. Saint Paul St. Suite 610
Dallas, Texas 75201
Telephone:  (214) 382-3041
Fax:  (214) 501-0731

Dated: December 9, 2016

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that, on December 9, 2016, all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system. Any other counsel of record will be served in accordance with the Federal Rules of Civil Procedure.

*s/ Pete Marketos*
Pete Marketos

## CERTIFICATE OF CONFERENCE

On December 9, 2016, Counsel for Movants spoke with counsel for Plaintiff Exxon Mobil Justin Anderson and discussed the merits of the requested relief. Despite that discussion, no agreement was reached and Plaintiff opposes the relief sought by way of this motion.

*s/ Pete Marketos*
Pete Marketos